HERBERT B. WALDRON ET AL. V. FIRST NATIONAL BANK
OF GREENWOOD.

FILED MAY 16, 1900.  No. 10,271.

1. **Mortgage Foreclosure:** RECEIVER.  Where mortgaged property is
probably insufficient to discharge the debt, the court may, in
an action to foreclose the mortgage, on the application of the
mortgagee, appoint a receiver.

2. **Deficiency Judgment:** SOLVENCY OF DEFENDANT.  And in such
case it is immaterial whether a deficiency judgment against
the parties liable for the debt, is collectible.

3. **Finding:** EVIDENCE: REVIEW.  The finding of a court, grounded
on substantially conflicting evidence as to the value of prop-
erty, will not be disturbed.

4. **Judicial Discretion:** PRESUMPTION.  It will be presumed, in the
absence of a showing to the contrary, that the discretionary
powers of the district court have been wisely exercised.

ERROR to the district court for Cass county.  Tried
below before RAMSEY, J.  *Affirmed.*

*Samuel M. Chapman* and *Frank Irvine,* for plaintiffs in
error.

*Samuel M. Chapman:* We submit it is an elementary
rule of law that to obtain a receiver for mortgaged prem-
ises, during foreclosure proceedings, the grounds there-
for must be full and clear, and two things must be made
to appear: First, that the mortgaged premises are inade-
quate to satisfy the mortgage debt; second, that the debt-
ors are personally insolvent.  Unless these two facts are
made to appear clearly, a court of equity will not inter-
fere.  Maxwell, Pl. & Pr., p. 743; *First Nat. Bank v. Gage,*
79 Ill., 207; 2 Jones, Mortgages, 1576.

*C. S. Polk* and *Roscoe Pound, contra:*

Is the finding of the lower court that the property in
controversy was not sufficient to discharge the mortgage
debt, sustained by the evidence?  The entire tract com-

prises 480 acres, upon all of which the plaintiff has two mortgage liens.

The mortgage of Oren B. Taft is a first lien upon the east half of the northwest quarter of section eighteen. Upon this mortgage of $1,200, interest to the amount of $88.90 was due at the time of hearing (12). Counsel state in brief that the answer of Taft shows no interest due (13). But no such document appears in the record, and we submit that this court will not try the cause on evidence other than that submitted to the trial court. The next lien is the mortgage set up in the first cause of action in the plaintiff's petition—three notes aggregating $6,000, upon which the unpaid interest then amounted to $1,150 (11-12). Third comes the judgment lien of the defendant Teegarden (admitted in brief, pp. 3 and 13) for $630. Fourth, there is a lien set up in plaintiff's second cause of action—notes aggregating $3,232, upon which there was unpaid interest to the amount of $294.98. To summarize:

| | | |
|---|---:|---:|
| First lien (Taft) | $1,288 | 90 |
| Second lien (Plff.) | 7,150 | 00 |
| Third lien (Teegarden) | 630 | 00 |
| Fourth lien (Plff.) | 3,526 | 48 |
| Total | $12,595 | 38 |

This total is secured, as has been seen, by eighty acres.

Now let us turn to the remaining 400 acres. Here the first lien is the mortgage of the Mutual Benefit Life Insurance Company, securing $6,000, upon which $680 was due as interest at the time of the hearing. As to this, counsel claims that the answer of the company shows a smaller sum to be due. But such answer nowhere appears in the record, and we are not advised whether it so states nor whether it relates to the time when the hearing was had. Second is the plaintiff's first mortgage, principal and interest amounting to $7,150 (11-12). Third comes the Teegarden judgment for $630. Fourth, the

plaintiff's second mortgage, securing principal and interest, $3,526.48.    Besides these items, it appears that the property had been sold for taxes for 1894, and that the face of the tax-sale certificate was $87.29.    Other taxes were also outstanding, the amount whereof does not appear.   To summarize:

| | | |
|---|---|---|
| (1) Taxes disclosed.................. | $87 | 29 |
| (2) Mut. Ben. Life Ins. Co........... | 6,680 | 00 |
| (3) Plff's first mortgage ............ | 7,150 | 00 |
| (4) Teegarden ..................... | 630 | 00 · |
| (5) Plff's second mortgage.......... | 3,526 | 48 |
| | $18,073 | 77 |

In other words, we find liens to the amount of $18,073.77 exclusive of the taxes for 1894, of which over $11,000 are drawing ten per cent interest, against 440 acres of land.

But if it is thought fairer to lump all of the liens upon the whole tract of 480 acres, the matter stands no better.

| | | |
|---|---|---|
| Taxes disclosed .................... | $87 | 29 |
| Taft mortgage ..................... | 1,288 | 90 |
| Mut. Ben. Life Ins. Co. mortgage...... | 6,680 | 00 |
| Plff's first mortgage................. | 7,150 | 00 |
| Teegarden's judgment .............. | 630 | 00 |
| Plff's second mortgage.............. | 3,520 | 48 |
| Total........................ | $19,356 | 67 |

Which sum, more than half of which was and is drawing ten per cent interest, is secured by 480 acres of land.

SULLIVAN, J.

This action was commenced in the district court of Cass county by the First National Bank of Greenwood to foreclose two real estate mortgages. At plaintiff's instance an order was made, before judgment, appointing a receiver on the ground that the mortgaged property was probably insufficient to discharge the mort-

gage debt. To secure a reversal of this order, the Wald-
rons, who were defendants below, prosecute error to this
court. The assignments in the petition in error are as
follows: "The court erred in finding 'that the property
in controversy (being the real estate herein in this petition
described with all its improvements) is inadequate secu-
rity for the debts of the plaintiffs herein and the mort-
gages and judgments prior to plaintiff's said lien. 2d.
The court erred in finding the defendants liable for de-
ficiency judgment have not sufficient property over and
above their debts and exemptions to pay the probable
deficiency judgment in the case. 3. That the court erred
in finding for the defendant in error and in appointing a
receiver for the plaintiffs in error's property when the
evidence and proof in said cause show that the owner
of the mortgaged premises is solvent and that the prem-
ises are adequate security for the payment of the plain-
tiff's demand against the same, and that no grounds exist
for the appointment of said receiver."

By the foregoing specifications three points are pre-
sented for decision. They are these: (1.) Is the evidence
sufficient to warrant the conclusion of the trial court that
the plaintiff's security is probably inadequate? (2.) Does
the evidence show that the defendants, who are person-
ally liable for the debt, are insolvent? (3.) May a re-
ceiver be appointed in a foreclosure suit, if the debtor is
financially responsible? Our answer to the third ques-
tion will render a decision of the second unnecessary. By
section 266 of the Code of Civil Procedure it is provided
that the district court, or a judge thereof, may appoint
a receiver in an action brought to foreclose a mortgage
"when the mortgaged property is in danger of being lost,
removed, or materially injured, or is probably insufficient
to discharge the mortgage debt." Construing this statu-
tory provision it was held in *Philadelphia Mortgage & Trust
Co. v. Goos*, 47 Nebr., 804, 815, following *Jacobs v. Gibson*,
9 Nebr., 380, that a mortgagee who brings suit to fore-
close his mortgage "is entitled to have his debt satisfied

out of the property pledged as security for its payment, without being forced to resort to other remedies he may have." This being the established rule it is altogether immaterial whether a deficiency judgment against the Waldrons would be collectible.

With respect to the first question raised by the petition in error, and discussed at length by counsel for both parties, we deem it sufficient to say that the evidence is substantially conflicting, both as to the value of the property and the amount of the liens and incumbrances against it. The greater number of witnesses support the contention of appellants that the security is adequate; but questions of fact, and especially questions of value, are not to be decided by mere count of witnesses. Recent cases illustrating this principle are *Nebraska Loan & Building Ass'n v. Marshall*, 51 Nebr., 534, and *Lincoln Land Co. v. Phelps County*, 59 Nebr., 249. In passing upon plaintiff's claim that its security was probably inadequate, the district court was vested with a discretion which, in the absence of a satisfactory showing to the contrary, we will presume was wisely exercised. *Jacobs v. Gibson, supra.*

The order appointing the receiver is supported by the testimony of a considerable number of witnesses and should be

AFFIRMED.