FRANCIS C. FAULKNER ET AL., APPELLANTS, V. BENJAMIN M. SIMMS ET AL., APPELLEES.*

FILED JANUARY 22, 1902. No. 10,367.

1. **Principal: AGENT: ESTOPPEL.** Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped, as against such third person, from denying the agent's authority. *Holt v. Schneider*, 57 Neb. 523, followed.

2. ———: ———: AUTHORITY INFERRED. Ostensible authority to act as agent may be inferred if the party to be charged as principal affirmatively, or intentionally, or by lack of ordinary care, causes

---

* Rehearing allowed. See opinion, page 299, *post.*

or allows third persons to trust and act upon such apparent agency. *Thomson v. Shelton,* 49 Neb. 644, and *Phœnix Ins. Co. v. Walter,* 51 Neb. 182, followed.

3. **Evidence:** DECREE. Evidence examined, and *held* in part to support the decree.

APPEAL from the district court for Harlan county: F. B. BEALL, DISTRICT JUDGE. *Reversed.*

*Claude C. Flansburg* and *Richard O. Williams,* for appellants.

*William H. Kelligar, Edgar F. Ferneau* and *J. C. Thompson,* contra.

DAY, C.

The Sullivan Savings Institution brought this suit in the district court for Harlan county against Benjamin Simms et al., to foreclose a real estate mortgage upon certain lands in Harlan county. Subsequently Francis C. Faulkner and Henry C. Sanders, assignees of the Sullivan Savings Institution, were substituted as parties plaintiffs.

It appears that on July 1, 1885, Benjamin M. Simms negotiated a loan of $800 through one C. C. Burr, of Lincoln, a mortgage broker, which was secured by a mortgage upon certain real estate situated in Harlan county. The note and mortgage were made payable to John L. Farwell, were due January 1, 1891, and payable at the Clairmont National Bank, Clairmont, New Hampshire.

On December 8, 1886, Simms transferred to Frank W. Reisenburg a part of the mortgaged premises, to wit, the S. W. ¼ of the N. W. ¼, and the N. W. ¼ of the S. W. ¼ section 30, town 3, range 17; and on February 7, 1887, he transferred to Elliott Lowe the remainder of the mortgaged premises, to wit, the E. ½ of the N. E. ¼ of section 25, town 3, range 18.

The defendant Reisenburg answered that the part of the mortgaged premises purchased by him was subject to a lien of $300 of the $800 mortgage sought to be foreclosed,

and that he had paid to the plaintiff on February 12, 1892, the sum of $300, together with the accumulated interest thereon, and prayed that the mortgage lien upon the premises purchased by him be canceled.

The defendant Lowe answered that he had paid to plaintiff on February 11, 1892, the sum of $573, together with the accumulated interest thereon in full of the amount of the mortgage which was a lien upon the part of the premises purchased by him, and also prayed that the mortgage lien upon his part of the premises be canceled. The trial resulted in a finding and decree in favor of the defendants, from which the plaintiffs appeal.

The record discloses that a few days after the execution and delivery of the note and mortgage, Farwell indorsed the note without recourse and transferred the same to the Sullivan Savings Institution, of which company he was treasurer. There is no dispute in the evidence but that Lowe paid to Burr on February 11, 1892, the sum of $573, and that it was received by Burr in satisfaction of the mortgage lien upon the portion of the land owned by Lowe. This sum, however, was not remitted by Burr to the plaintiff, and the fact of its collection was not ascertained until the fall of 1894.

There was not sufficient testimony to establish that Reisenburg had paid the sum of $300 and interest, as alleged in his answer. Burr testified that the whole debt was paid February 12, 1892, by Elliott Lowe, but it seems quite clear from the entire record that his reference to the payment related to the sum of $573 paid by Lowe on February 11, 1892.

The real question presented by the record is whether Burr, in receiving this money from Lowe, was the agent of the plaintiff. The question of agency is always one of fact, to be determined from the evidence in the case. The evidence disclosed that Burr had collected the interest coupons on the note as the same became due, and had remitted the interest to the holder, and also that between the plaintiff and Burr very extensive dealings had been car-

ried on, running up, as one of the witnesses testified, to nearly $1,500,000, and also extending over a great many years. Burr seems to have had general authority to extend the payment of notes when, in his judgment, it seemed best that that course should be pursued, and also to commence suits of foreclosure when such proceedings seemed to be advisable.

It also appeared that Burr had collected the interest and principal of many of these loans, and had reinvested money collected on some of them, and that plaintiff had acquiesced in his conduct in so doing; also that Burr had charged himself in his account with the plaintiff for the amount of money received, and that plaintiff's attention had been directed to this fact in the fall of 1894.

From the fact that plaintiff permitted Burr for a period of years to collect not only the interest on the loan in question, but the principal of other loans made by him for plaintiff, together with the fact that he was given general authority and discretion to renew loans or enforce their payment by foreclosure, are circumstances strongly tending to establish his agency.

The facts of this case bring it within the doctrine announced in *Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb. 480, in which it was ruled:

"Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's authority."

The case at bar is also within the rule laid down in *Thomson v. Shelton*, 49 Neb. 644, where it is said: "Ostensible authority to act as agent may be conferred if the party to be charged as principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third persons to trust and act upon such apparent agency."

Faulkner v. Simms.

We, therefore, recommend that the judgment of the lower court be reversed, with direction to enter a decree in favor of the plaintiff for $300 and interest, in accordance with this opinion, and that the premises described in the opinion as belonging to Reisenburg should be first sold in satisfaction of the judgment.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed, with direction to enter a decree in accordance with this opinion.

REVERSED.

The following opinion on rehearing was filed March 18, 1903. *Former judgment modified:*

1. Appeal: CONFLICTING EVIDENCE: REVIEW OF FINDING. In passing on findings of fact upon appeal, the reviewing court should go over all the evidence and reach its own conclusion thereon, giving such weight to the determination of the trial court as to credibility of witnesses and its finding on conflicting evidence as, under all the circumstances of the case, the nature of the evidence before the trial court, and that court's special opportunities, if any, for reaching a correct solution, such finding may be entitled to.

2. Review of Finding Based on Oral Evidence. In ordinary cases, where the evidence is entirely oral, and the trial court may be presumed to have had a general local knowledge of the parties, the witnesses and the subjects of controversy, the finding of the trial court is often entitled to almost decisive weight.

3. Finding: CONFLICTING ORAL EVIDENCE. A finding on conflicting evidence in such cases will be adhered to unless clearly wrong; but, if clearly wrong, it will be set aside, notwithstanding there may be some competent evidence in support thereof. *Seymour v. Street,* 5 Neb. 85, approved.

4. Dicta in Prior Opinions Explained and Qualified. *Dicta* in prior opinions of this court with respect to review of findings of fact explained and qualified.

5. Dicta Disapproved. The statements that the reviewing court will not "weigh conflicting evidence," that it "will not review findings on conflicting evidence," and that "findings on conflicting evidence are conclusive," as announced *obiter* in several prior decisions, disapproved.

6. **Review of Finding Based on Written Testimony.** Where a finding is based largely upon depositions or written testimony, as to which the trial judge has no special advantage over the reviewing court, the rule that his findings will be adhered to unless clearly wrong does not apply with the same force.

7. **Application of Rule:** FINDINGS ADHERED TO UNLESS CLEARLY WRONG. But in such case, if the oral testimony is evidently the basis of the finding, or the written testimony relates to matters as to which the trial judge is better able to reach a satisfactory conclusion than the reviewing court, the rule may be applied. *Male v. Dahlgrin*, 66 Neb. 524; *Waldron v. First Nat. Bank of Greenwood*, 60 Neb. 245.

8. **Rule in Case of Written Evidence.** If the evidence before the trial court is entirely written and relates to matters as to which the trial judge is in no better position to reach a correct solution than this court, the rule has no application, and this court should be governed by its own conclusion as to the weight of the evidence.

9. **Appeal:** FINDING SET ASIDE: REMANDING CAUSE. In furtherance of justice, where a finding is set aside on appeal and the former trial was unsatisfactory, instead of entering or directing a new decree, this court will remand the cause for further proceedings.

POUND, C.

At a former hearing, the decree of the district court was affirmed as to one of the defendants, but as to another was held contrary to the evidence and was reversed. The latter obtained a rehearing upon the ground that there was evidence to support the finding as to him, and now urges that the finding must be sustained for that reason.

The reported decisions of this court leave the question as to the power and duty of the court on appeal from findings of fact in some seeming confusion. Often, in the same volume of reports, statements on this subject are to be found in very different terms, if not in absolute contradiction. In general, there are two views, each supported by a long line of decisions running far back in the reports, and in particular cases extreme statements have been made *obiter* which, if adhered to, would amount in effect to an entire abdication by this court of one of its important functions. On the other hand, extreme statements are also to be found which would extend its power of reviewing

findings of fact to an unreasonable extent, and, as a consequence of this confusion, some support may be found for taking any course with respect to findings of fact challenged on appeal, which the court may choose. Consistently with prior decisions or *dicta*, it may refuse to do more than to ascertain whether there is some evidence in support of the finding, or it may go no further than to see whether the evidence is conflicting, or "fairly conflicting," or it may stop when it finds that the conclusion below is reconcilable with some reasonable construction of the testimony, or, notwithstanding the evidence is conflicting, it may set the finding aside on the ground that it is "clearly wrong," or, acording to some of the cases, it may reverse a decree because, in its opinion, against the weight of the evidence. Such a condition should not be tolerated, and we think it time that this subject be re-examined, and a definite, settled rule announced.

Considering the matter upon principle, we think it clear that in passing on findings of fact upon appeal, the reviewing court should go over all the evidence and reach its own conclusion thereon, giving such weight to the determination of the trial court as to credibility of witnesses and its finding on conflicting evidence as, under all the circumstances of the case, the nature of the evidence before the trial court, and that court's special opportunities, if any, for reaching a correct solution, such finding may be entitled to. It goes without saying that, in general, the trial judge has a great advantage in that he sees and hears the witnesses. Moreover, he commonly knows more or less of their general character and standing, and may have a general local knowledge as to matters referred to in evidence and surrounding circumstances which enables him to weigh conflicting evidence with much greater assurance of reaching a correct solution than is possible in the reviewing court. Hence, in ordinary cases, where the evidence is entirely oral and the trial court may be presumed to have had a general local knowledge of the parties, the witnesses and the subjects of controversy, the finding of the

trial court is often entitled to almost decisive weight. It is a matter of common knowledge that a written record can not reflect the oral testimony at the trial with absolute accuracy. For these reasons, it is eminently proper that findings on conflicting evidence in such cases be adhered to unless clearly wrong. It must not be forgotten, however, that there are sometimes advantages on the side of the reviewing court. In long and complicated equity cases, especially where an accounting is involved, there is a marked difference between reaching a finding on one's recollection of what he has heard in the course of a trial lasting weeks or even months, and a finding as a result of patient investigation of a written record, with the aid of printed briefs, where comparisons may be made, computations tested, circumstances weighed, and conflicting statements sifted, upon the certain and assured foundation of a written page. Moreover, the court is instituted to review causes, and the right to resort to it for that purpose is guaranteed by the constitution. It has no right to renounce its functions. If, giving due weight to every advantage possessed by the trial court in the particular case, it is satisfied that a finding is clearly wrong, it should set such finding aside, notwithstanding there may be some competent evidence in support thereof. Otherwise it has not fulfilled its duty of reviewing the finding when properly challenged.

We think these propositions are supported by the preponderance of authority, and that so far as prior decisions or *dicta* conflict therewith they should be limited or overruled. From an early period until the latest reported decisions, and in nearly every volume of the reports, this court has said repeatedly that findings on conflicting evidence will not be disturbed "unless clearly wrong." The same idea has been expressed somewhat differently in many other cases; as, for instance, that a finding upon "evidence conflicting and apparently evenly balanced" will not be disturbed, or that the finding will not be set aside "where the evidence is such as to justify impartial minds in reaching different conclusions," or "solely because the

court may think that if it had tried the case it would have reached another result," or where the evidence is "con· flicting without a decided preponderance in favor of appellant," or "where the evidence is conflicting, and reasonable minds might fairly differ," or where the evidence is "equivocal, or fairly conflicting," or though rendered "on conflicting evidence, if there is sufficient favorable evidence to sustain it." In other cases to be referred to this line of authority, the language used is not so clear, but the obvious intention is to announce the same rule. Thus, it has been said at times that a finding on conflicting evidence will be adhered to if "supported by sufficient evidence," or "unless unsupported by sufficient competent evidence," or if based upon "substantially conflicting testimony." The phrases last cited approach very closely to a different view, sometimes countenanced by loose expressions, which will be considered presently. But the context in each case makes it sufficiently clear that the court meant such a substantial conflict as to create a doubt to be settled only by passing on the credibility of witnesses, and that by "sufficient" evidence it meant sufficient in the mind of the reviewing court. This appears more clearly by reference to numerous cases in which the court has stated the same rule more strongly in the other direction; as, for instance, that a finding on conflicting evidence will not be disturbed unless "clearly against the weight of the evidence," or "clearly not sustained by the evidence." Of course, the converse would follow, that if the finding is "clearly against the preponderance of the evidence," it should be set aside, and the court has so held several times. On the whole, it may be doubted if any better statement of the rule to be followed in ordinary cases heard upon oral testimony is to be found than that in *Seymour v. Street,* 5 Neb. 85: "The correct rule appears to be that if the verdict or finding is clearly wrong, it should be set aside; but if we only doubt its correctness, it will not be disturbed." See, also, *Storms v. Eaton,* 5 Neb. 453.

Another and entirely different view is apparently sup-

ported by a line of. decisions beginning with *Burt v. Bald-
win,* 8 Neb. 487. In that case the court announced that it
would not disturb a decree if there was "evidence to sus-
tain it on each material point." The statement, however,
was a mere *dictum,* and does not appear to have been
framed carefully or advisedly. In the opinion the whole
testimony was analyzed and carefully weighed, and, as a
result, the court said (p. 491) : "After a careful examin-
ation of the evidence, we think it sufficient to sustain such
finding as to each point." But, as the work of the court
increased, its dockets became overcrowded and the neces-
sity of great dispatch in disposing of business became
urgent, a tendency to limit review of findings of fact more
narrowly along the line suggested in *Burt v. Baldwin* be-
came increasingly manifest. As a result, it began to be
suggested in the latter cases that "findings made upon con-
flicting evidence would not be disturbed." Even as so
stated, with a little amendment, the rule may be reconciled
with the one announced in the majority of the cases by
holding "conflict" to mean such a substantial conflict as
would prevent the reviewing court from arriving at the
conclusion that the finding was clearly wrong. But at an
early period expressions crept into the reports which ap-
peared to give it a different interpretation. In one case,
which has been followed several times, the court said it
would not disturb a finding "unless it can not be recon-
ciled with any reasonable construction of the testimony."
In other words, taking the statement literally, if there was
any question at all to be decided by the trial judge, this
court will accept its finding. This case was cited in sub-
sequent cases to the proposition that "it is a settled rule
of this court that the findings of fact made by a trial
judge will not be disturbed if supported by competent evi-
dence." Following these cases, some of the judges began
to announce *obiter* that the court would not disturb find-
ings on conflicting evidence "if there was evidence to sus-
tain them." Nevertheless, at the same time, in a number
of cases reported in the same volumes, the court was re

peating the correct rule that the findings would not be disturbed "unless clearly wrong." Hence we think the several propositions last quoted are to be regarded merely as unadvised and careless statements, rather than as establishing a different doctrine, and that they must be limited to cases where the evidence is sufficient to justify the findings in the mind of the reviewing court, in view of the weight to be given to the conclusion of the trial judge under all the circumstances. But the apparent divergence from the rule as originally announced did not stop here. In time, members of the court, citing the cases wherein it had said that findings on conflicting evidence would not be disturbed as authority, began to suggest that if the evidence was conflicting it would go no further than to ascertain such fact. In several cases it was said: "Questions of fact determined upon conflicting evidence will not be reviewed in this court." This statement has been repeated in varying forms, the court, while holding the evidence below sufficient, remarking that "conflicting evidence will not be weighed on appeal," or that "this court must decline to weigh conflicting evidence," or that "where the evidence is conflicting the findings of the trial court are conclusive." We think these several statements are wrong, and should be disapproved. The statement that the court will not weigh conflicting evidence, taken literally, is entirely counter to the doctrine, repeatedly announced, that findings on conflicting evidence will be set aside when clearly wrong, and tends to create an impression that this court has nothing to do with findings of the trial court upon the facts, more than to see that they have some scintilla of support. The other statement, that a reviewing court will not review a matter fairly and properly presented, and within its jurisdiction, is obviously somewhat Milesian.

If the general proposition that the reviewing court should go over the evidence and reach a conclusion of its own, giving the finding of the trial court such weight as it may be entitled to, is correct, and if the advantage pos-

24

sessed by the trial court in particular cases is behind the rule that findings upon conflicting evidence will be adhered to unless clearly wrong, it follows that the application of that rule is to be measured by the advantage which the trial court had in view of the nature of the evidence adduced. Hence, where a finding is based largely upon depositions or written testimony, as to which the trial judge has no special advantage over the reviewing court, the rule that his findings will be adhered to unless clearly wrong does not apply with the same force. *Delorac v. Conna*, 29 Neb. 791, 811; *Gibson v. Hammang*, 63 Neb. 349. Of course, in such a case, if the oral testimony is evidently the basis of the finding, or the written testimony relates to matters as to which the trial judge is better able to reach a satisfactory conclusion than the reviewing court, his finding must be given corresponding weight, and the rule may be applied. *Male v. Dahlgrin*, 66 Neb. 524; *Waldron v. First Nat. Bank of Greenwood*, 60 Neb. 245. On the other hand, it must follow, equally, that if the evidence before the trial court is entirely written, and relates to matters as to which the trial judge is in no better position to reach a correct solution than this court, the rule has no application, and this court should be governed by its own conclusion as to the weight of the evidence.

Tried by these rules, we think the former judgment, so far as it sets aside the decree as to the defendant Reisenburg, is right, and should be adhered to. All of the evidence was written, and much of it in the form of stipulations as to what certain witnesses would testify to, if present. There is no reason why this court should adhere to the finding below unless that finding appears to be right. The burden was upon the defendant in question to sustain his plea of payment by a preponderance of the evidence. He showed a receipt written many years after the date of payment by an agent of the mortgagee, and had a stipulation that said agent and the person who was alleged to have made the payment would testify that the latter had paid the whole amount of the mortgage. But, on the other

hand, the check by which payment was made was in evidence, and showed that he had only paid the portion which he had assumed on a division of the mortgaged property. There is no evidence or suggestion how he paid the rest, or why he paid it when he had not assumed it. Hence, in the face of the check, showing clearly how much was paid, we do not think the plea of payment as to Reisenburg sufficiently established. We may say, however, that the former trial is unsatisfactory in every way. There were no pleadings, but only stipulations, after trial, as to what was regarded as in issue. There was no examination of witnesses, but instead there were stipulations as to what they would testify. The main contest was upon other points, and between other parties. We should hesitate, therefore, to recommend the entry or direction of a final order upon such a record. In furtherance of justice, where a finding is set aside on appeal, and the former trial was unsatisfactory, instead of entering or directing a new decree, this court will remand the cause for further proceedings. This course was followed in *Topping v. Jeanette,* 64 Neb. 834, and upon motion for a rehearing, in *Gilbert v. Garber,* 62 Neb. 464. We think it should be taken in the case at bar. Upon a new trial, the question will doubtless be settled by satisfactory evidence adduced by the one party or the other.

We therefore recommend that the former judgment be modified by remanding the cause for further proceedings as to the defendant Reisenburg, and that, so modified, it be adhered to.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former judgment of this court is modified by remanding the cause for further proceedings as to the defendant Reisenburg, and, so modified, it is adhered to.

FORMER JUDGMENT MODIFIED.