JAMES C. MCNERNEY, APPELLANT, V. HERBERT A. HUBBARD ET AL., APPELLEES.

FILED NOVEMBER 18, 1903. No. 11,510.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. Rehearing of case reported in 3 Neb. (Unof.) 104 and 108. *Reaffirmed.*

*James C. McNerney* and *Stephen B. Pound,* for appellant.

*Halleck F. Rose, contra.*

PER CURIAM.

The appeal in this case presents for consideration and determination no question save one purely of fact. The evidence preserved by bill of exceptions discloses no serious or substantial conflict, the point of difference being with respect to the proper inferences to be drawn therefrom. Two departments of the commissioners have had the appeal under consideration, considered the grounds of complaint, and both have reached the conclusion that the finding and judgment of the trial court ought to be sustained. *McNerney v. Hubbard,* 3 Neb. (Unof.) 104 and 108. The facts are fully stated in these opinions. The further consideration by the court of the evidence contained in the record leads us to a similar conclusion.

As was stated by Commissioner HASTINGS in the latter opinion, a correct disposition of the matter hinges on the question of whether the alleged fraudulent grantors, Hubbard Brothers, were in fact indebted to their father, Enoch Hubbard, in the sum of $5,000, as claimed. The evidence, we are of the opinion, warrants the inference that the indebtedness was an actual, existing and *bona fide* claim. The elder Hubbard died before the case at bar came to trial, which fact may, in a measure, explain the dearth of evidence on a crucial point. It is quite true other facts in evidence have a bearing upon the alleged fraudulent transfer, but they are, we think, subordinate to the main and principal question just mentioned. If it may be said that the grantors, Hubbard Brothers, were, in fact, indebted to their father in the sum stated, then the incorporation of the company and the transfer of the property of the Hubbard Brothers to it, and the satisfaction of the father's demand, by his taking stock in the corporation, are explainable on grounds consistent with honesty of action in making the transfer as a legitimate business transaction. Fraudulent intent ought not to be inferred where the transaction is reconcilable with honesty of purpose and fair dealings. The grantors, as owners of stock in the corporation, still retained as much of an interest in the property, the transfer of which it is sought to have canceled, as they had before the incorporation of the company and the transfer of the property to it. While it is argued that the interest of the debtors, represented by the stock of the corporation, can not be reached because of the manner in which it was incorporated and the way it has been conducting its business, we can not accept the argument as convincing, and doubt not the right of creditors to pursue their remedy, in this respect, the same as might be done if the property were held in another form. Applying the rule announced in *Faulkner v. Simms,* 68 Neb. 295, to the record as we find it in this case, we reach the conclusion that the findings of the trial court should remain undisturbed, and that the conclusion reached at the former

hearings results in a right disposition of the appeal. The judgment of affirmance is accordingly adhered to.

REAFFIRMED.