JAMES A. SUTTON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

80 N. W. 2d 475

Filed January 11, 1957. No. 34067.

*Spear, Lamme & Simmons,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

On November 18, 1955, a complaint was filed by the State in a justice of the peace court of Dodge County charging plaintiff in error, James A. Sutton, hereinafter called defendant, with speeding on November 8, 1955, in violation of section 39-723, R. R. S. 1943. On November 18, 1955, the defendant appeared in that court with counsel and requested a jury trial. Thereupon the cause was set for jury trial on December 1, 1955. Defendant then appeared with counsel and upon trial to a jury defendant was found guilty and the court assessed a fine of $20 and costs.

Therefrom defendant appealed to the district court where the cause was set for trial to a jury on January 18, 1956. At that time defendant appeared with counsel and voluntarily waived a jury trial.

At request of defendant and upon the basis of defendant's waiver, the cause was then continued until the April term of court for trial without jury. Thereafter the cause came on for trial on April 17, 1956, without a jury, whereat defendant appeared with counsel, waived reading of the complaint, and pleaded not guilty. Also, just before trial defendant's counsel asked to withdraw defendant's former waiver of jury trial, objected to trial without a jury, and renewed his motion for a jury trial. In his brief filed in this court, defendant states that: "On or about April 15 defendant's attorney told the county attorney and judge that he was withdrawing his waiver and requested a jury trial." However, we find nothing in the record to support that statement.

Be that, as it may, the court "denied request of defendant to withdraw waiver of jury trial," and overruled defendant's motion for trial by jury. After trial to the court upon the merits without a jury, defendant was found guilty and assessed a fine of $20 and costs.

Defendant's motion for new trial was subsequently overruled and he prosecuted error to this court, assigning that: "The district court erred in denying defendant's motion for trial by jury after defendant had waived jury trial." In the light thereof, the sole question argued and submitted is whether or not the trial court erred prejudicially in denying defendant's request to withdraw his waiver of jury trial and in overruling defendant's motion for trial by jury. We conclude that the court did not err in so doing.

In Peterson v. State, 157 Neb. 618, 61 N. W. 2d 263, we held that: "Unless otherwise provided by statute, one charged with a statutory misdemeanor has the right to demand a trial by jury in the county where the offense is alleged to have been committed but may waive his right thereto."

An applicable rule is that the right of trial by jury having been voluntarily waived by the accused, he thereafter has no right or power at his mere will to withdraw or revoke his waiver and demand a jury trial. State v. Bannock, 53 Minn. 419, 55 N. W. 558.

As stated in Annotation, 46 A. L. R. 2d 920, citing and discussing numerous cases: "Whether one accused of crime who has regularly waived a jury trial will be permitted to withdraw the waiver and have his case tried before a jury is ordinarily within the discretion of the trial court." See, also, 50 C. J. S., Juries, § 111 b, p. 825, and cited authorities. The authorities cited in the foregoing texts point out the elements which must appear in the record in order to be considered by the appellate court in each individual case to determine whether or not the trial court abused its discretion in refusing to permit withdrawal of waiver of a jury and

refusing to grant a jury trial. To enumerate them here would serve no purpose. It is sufficient to say that defendant herein made no affirmative showing with relation thereto. He simply sought to withdraw the voluntary waiver at his mere will, which he had no right or power to do.

As held in Waldron v. First Nat. Bank of Greenwood, 60 Neb. 245, 82 N. W. 856: "It will be presumed, in the absence of a showing to the contrary, that the discretionary powers of the district court have been wisely exercised."

Further, in 3 Am. Jur., Appeal and Error, § 960, p. 525, it is said: "The burden of showing an abuse of discretion rests on the appellant or plaintiff in error." In the 1956 Cumulative Supplement thereto, at page 86, the following is inserted immediately prior to the sentence just quoted: "Abuse of discretion cannot be presumed, but must be made to appear by evidence before its existence can be found by an appellate court."

The record in the case at bar discloses no evidence adduced by defendant which could sustain a conclusion that the trial court abused its discretion in refusing to permit him to withdraw his waiver of jury trial or in denying him a jury trial. The record simply shows that just before trial, when represented by counsel, "Defendant asked to withdraw waiver of jury trial," which was denied, and at the beginning of the trial his counsel said: "The defendant at this time objects to the trial of this case without a jury and renews its motion for trial by jury," which motion was overruled and trial proceeded to the court without a jury. In such respect, no reason whatever was given or cause shown by defendant which would justify a withdrawal of his waiver of jury trial.

In State v. Rankin, 102 Conn. 46, 127 A. 916, which presented a comparable situation in material respects, the court in an opinion affirming the trial court's refusal to permit defendant to withdraw his election to be tried

by the court instead of by a jury said: "No reason was given or cause shown for the withdrawal of the election. * * * No facts appear upon this record indicating any ground for the withdrawal of the election of the accused to be tried by the court." The statement has application here.

Also, in People v. Haddad, 306 Mich. 556, 11 N. W. 2d 240, which presented a comparable situation in material respects, the court in an opinion affirming the trial court's denial of trial by jury said: "To grant this request would have merely resulted in a continuance until a jury was present, at which time the defendant again might have waived a jury trial, as he would have the right to do. Carried to the extreme, such a procedure would delay trial indefinitely. With each change from jury to nonjury docket, or vice versa, the accused might reverse his position * * * to delay trial. In this case, six months had elapsed since the defendant had waived jury trial, and nearly a year since his arraignment. The orderly procedure of courts for the prompt trial of criminal cases does not require more than was done by the court in this case. Defendant's constitutional rights were not violated." The statement has application here.

For reasons heretofore stated, we conclude that the trial court did not abuse its discretion in denying defendant's request to withdraw his waiver of jury trial and in overruling defendant's motion for trial by jury. The judgment and sentence of the trial court, which are supported by competent evidence, should be and hereby are affirmed.

AFFIRMED.