## CARL MAURICE COLE *v.* STATE OF MARYLAND

[No. 600, September Term, 1970.]

*Decided June 24, 1971.*

380

The cause was argued before ORTH, THOMPSON and MOYLAN, JJ.

*Richard L. Stack* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, Jr., State's Attorney for Anne Arundel County,* and *Ronald M. Naditch, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

The sole question presented in this appeal is: Did the trial judge abuse his discretion in denying appellant's request to withdraw his waiver of a jury trial? We hold the discretion was abused.

After a bench trial, appellant, Carl Maurice Cole, was convicted of armed robbery by the Circuit Court for Anne Arundel County and sentenced to a term of fifteen years. Immediately prior to the trial and after some dis-

cussion of the rules hereinafter set forth the following colloquy occurred:

> "COURT: Well, that would be he would have to show good cause.
>
> "MR. NADITCH: Yes, sir.
>
> "COURT: He was in here yesterday, he entered a plea of guilty, and then he decided he didn't want to enter a plea of guilty and he was given an opportunity to change that. There were witnesses here. They were all sent home. He asked for a Court trial, he was questioned about it and now he comes back in here this morning after we get the witnesses back again and he's changed his mind again. He'll have to show good cause as to why he should be allowed to have a jury trial at this date.
>
> "MR. STACK: Well, the only cause, your Honor, we could show is that we feel that we could get the best defense possible in front of a jury, and ——
>
> "COURT: The best defense? It just depends on what you are going to put up, not what your defense — the defense is put up by the defendant and his witnesses, not put up by the jury.
>
> "MR. STACK: The Court's ruling will stand, then?
>
> "COURT: Yes.
>
> "MR. STACK: We will take exception to that ruling.
>
> "COURT: You may. Call your witness."

Md. Rule 741 provides as follows:

> "An accused may waive a jury trial and elect to be tried by the court. If an accused elects to be tried by the court the State may not elect a jury trial. An election to be tried by the court must be made before any evidence in the trial on the merits is taken unless otherwise provided by local rule of court."

The Rules for the Fifth Judicial Circuit provide as follows:

"Rule 702, Arraignment and Jury Election

a. Election by Defendant

At the time of arraignment under Maryland Rule 719, or within fifteen days thereafter, the Defendant shall elect whether or not a jury trial is desired. If no election is made within that time, it shall be presumed that the accused waives his right to a jury trial and elects to have the case tried by the Court. Thereafter, the case shall be assigned for trial in accordance with this election.

b. Change in Election

However, having regard to the status of the case with respect to assignment for trial, the Court may, in its discretion and for good cause shown, permit the accused to change his election as to the manner in which the case will be tried."

It appears the trial judge, under the peculiar facts of the case, insisted on too technical compliance with the local rule and precluded the appellant's counsel from stating good cause under the rule when he interrupted counsel after he had indicated appellant wanted a jury trial because he thought his chances of acquittal, or obtaining a verdict under a lesser count in the indictment, would be better before a jury than before a judge. What other good cause, if any, could be shown we do not know, but it is apparent his opportunity to spell it out was cut off by the trial judge.

We considered these identical rules in *Walter v. State*, 4 Md. App. 373, 378, 243 A. 2d 626 and said:

"We see no abuse of the court's discretion in this case. Appellants waived the right to a jury trial one month prior to the date of trial

and waited until the morning of trial to request permission to withdraw their waiver. At least one witness had come from a long distance for the trial and the other witnesses were also present in court."

In the instant case the election occurred the day before the trial. Although the witnesses were present in court on both days, it appears none of them traveled any distance. Likewise, there is nothing to indicate a jury could not have been empaneled immediately. More importantly, until the day before the trial appellant's counsel had obviously concluded the case would be disposed of with a guilty plea. The election was made under the stress of the moment. There is nothing in the record to indicate the appellant was seeking to delay the trial. The withdrawal of the election should have been permitted under all these circumstances.

Our decision is supported by the authorities which are summarized in 47 Am.Jur.2d *Jury*, § 70:

"The authorities are uniformly to the effect that a motion for withdrawal of waiver made after the commencement of the trial is not timely and should not be allowed. Whether a motion for the withdrawal of a waiver of trial by jury made prior to the actual commencement of the trial of the case is timely depends primarily upon the facts and circumstances of the individual case. Where there is no showing that granting the motion would unduly delay the trial or would otherwise impede justice, the motion is usually held to be timely. In some cases, however, it has been held that a motion for withdrawal of a waiver of jury trial, although made prior to the trial, was not timely and was properly denied by the trial court, the decisions in these cases being based primarily upon the ground that granting the motion would have resulted in an unreasonable delay of the trial."

The cases to support the summary set out above are collected in 46 A.L.R.2d 919 and the *Later Case Service.* See particularly *Floyd v. State,* 90 So. 2d 105 (Fla.); *People v. Abrams,* 27 Cal. Rptr. 639; *People v. Osmon,* 15 Cal. Rptr. 263. Some cases which appear to be contra to our ruling are not contra when the factual situation is analyzed, e.g. *Sutton v. State,* 163 Neb. 524, 80 N.W.2d 475 and *Pearson v. State,* 213 So. 2d 616 (Fla.). In the former case it appears the accused was seeking to delay the trial; in the latter case a witness present for trial had traveled a long distance and a jury was not immediately available. Compare *Walter v. State, supra,* where we found no abuse of discretion.

The State argues the error was harmless. Although there was ample evidence to support the verdict, we cannot say a jury would not have accepted the appellant's story that his presence at the scene of the crime was innocent. We cannot find that the error was harmless beyond a reasonable doubt, *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by Anne Arundel-County.*