## JEROME POWELL GREEN *v.* STATE OF MARYLAND

[No. 324, September Term, 1973.]

*Decided January 9, 1974.*

684

The cause was argued before MORTON, MENCHINE and LOWE, JJ.

*Richard M. Karceski*, with whom was *Harold I. Glaser* on the brief, for appellant.

*David B. Allen, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney. General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *Richard H. Sothoron, Jr., Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

On March 7th, 1973, appellant was tried and convicted of robbery with a deadly weapon by a jury in the Circuit Court for Prince George's County. He was sentenced by presiding Judge Ralph W. Powers to twelve years.

On this appeal, appellant alleges the lower court erred in:

1) Denying appellant twenty peremptory challenges to the jury panel;

2) Denying appellant's motion for a mistrial;

3) Refusing appellant's instruction that the jury verdict must be unanimous.

Seventh Circuit Rule 741 a provides that, in the event a defendant who is entitled to twenty peremptory challenges to prospective jurors does not file a statement signifying his intention to exercise his right between the tenth and fifth calendar days before the date set for trial, he waives that right. The Rule concludes "for good cause shown the court may waive the requirements of this rule." Appellant was entitled to twenty peremptory challenges by virtue of his penal exposure as charged. Md. Rule 746 a 1; Md. Code, Art. 51, § 15.

Appellant's counsel failed to file the required statement. He advised the court that he had not been familiar with the local rule. He stated that his failure to become cognizant of

it should not be permitted to deprive the appellant of his rights. He contended that his unfamiliarity with the local rule was "good cause shown" to permit the judge to lift the restriction imposed by Rule 741 a. Judge Powers did not agree and denied the twenty peremptory strikes.

This court fully recognizes that the peremptory challenges to which an accused is entitled by virtue of Rule 746 a 1 represent an important right vital to the conduct of a criminal case in this State. *Cook v. State*, 18 Md. App. 395, 400. However, varying local conditions create diverse procedural problems which require certain restrictions upon the exercise of such rights. Consequently, each circuit has the responsibility to impose rules, consistent with state rules, to alleviate local problems. Md. Rule 1 f.

This court has upheld a local rule limiting the right to elect a jury trial to fifteen days after arraignment and held that there was no abuse of discretion in declining to waive the rule, although the rule explicitly permitted the court such discretion. *Walter v. State*, 4 Md. App. 373, 378. In *Cole v. State*, 12 Md. App. 379, 382, a similar rule was sustained, but we held that the court's discretion was abused under the circumstances of that case. Both cases demonstrate that a constitutional right may be limited by state procedural rules and restricted further by local rule. It follows, therefore, that a statutory right defined by state rule may also be subject to time restrictions imposed by local rule.

Appellant fires a Parthian dart. He argues that the local rule is not numbered and arranged identically to the pertinent state rule. Md. Rule 1 f 1 calls for circuit wide rules to have a numbering system and arrangement "consistent with" the Maryland Rules. Such consistency exists in the rules of the Seventh Judicial Circuit. There is no requirement that they be identically numbered.

The court properly concluded that counsel's failure to apprise himself of the rules of the circuits wherein he chooses to practice was not "good cause" to waive them. To permit self-flagellation and confession of a lack of familiarity with the rules to constitute "good cause" would reward the dilatory at the expense of the diligent and would

provide a useful tactical advantage detrimental to the judicial process.

The appellant's second contention arises from his cross-examination of an eye witness. Appellant's counsel was testing the witness's recollection of the date he had appeared at the police station to view certain photographs.

"Q. So there was no viewing by you by March of any of these photographs, is that correct?

A. Not that I recall, no. As a matter of fact — wait a minute, I am thinking.

Q. Sure, you may answer.

A. I believe I did go down to the police station, I think it was in February, February or March. I think after one of the defendants supposedly killed a Park policeman. I read that in the paper that he supposedly —

MR. KARCESKI: I would like to approach the bench at this time.

THE COURT: Very well.

(Whereupon, counsel approached the bench and the following proceedings took place out of the hearing of the jury:)

MR. KARCESKI: I am going to have to ask for a mistrial. I don't think the answer was at all responsive to my question. It certainly is highly prejudicial to this defendant.

THE COURT: I will instruct them that has nothing whatever to do with it. That is the most I can do.

MR. KARCESKI: The instruction, if anything, is going to amplify it.

MR. LORE: You told him to go on with what he was saying.

THE COURT: Take your choice. I will deny any motion for a mistrial. Start getting people to talk

about other things, sometimes that can come out, and it's just a hazard."

The motion was denied by the trial judge.

Because of the trial court's advantageous position to judge the question of prejudice, its decision with reference thereto should not be reversed unless it is clear that there was prejudice. *Cook v. State*, 225 Md. 603, 610, *cert. den.* 368 U. S. 970; *Carroll v. State*, 3 Md. App. 50, 53. We are not persuaded that the witness's response in the context in which it was made was sufficiently prejudicial to mandate a mistrial. See *Britton v. State*, 10 Md. App. 70, 74.

Finally appellant complains of the court's failure to instruct the jury on the need for a unanimous verdict. Following the court's instructions, the appellant requested certain additional instructions. One request was made with the following colloquy:

> "MR. KARCESKI: Your Honor, I think the jury ought to be made known the jury's verdict must be unanimous in the case.
>
> THE COURT: Well, they have a briefing at the beginning of their service. They all know that. This is an experienced jury. They have all sat on a number of cases.
>
> MR. KARCESKI: That is all I have."

It would appear that counsel accepted that assurance. Counsel did not "distinctly" object to the court's refusal to give the requested instruction, nor did he state any grounds of objection prior to the jury's retirement. Md. Rule 756 g. Had appellant the slightest concern that the jury's verdict was less than unanimous he should have exercised his right to have the jury polled.

It is worth reiterating that the rules of court, statewide or local, "are not guides to the practice of law but precise rubrics 'established to promote the orderly and efficient administration of justice and [that they] are to be read and followed.' " *Isen v. Phoenix Assurance Co.*, 259 Md. 564, 570, citing *Brown v. Fraley*, 222 Md. 480, 483.

*Judgment affirmed.*