DIPLOMAT INN, INC., A CORPORATION, APPELLANT, V. DON WEINDORF, ALSO KNOWN AS DONALD L. BELL, APPELLEE.

293 N. W. 2d 861

Filed June 24, 1980. No. 42883.

Spencer W. Dillon, for appellant.

No appearance for appellee Weindorf.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

Diplomat Inn, Inc., a corporation, the appellant, appeals from an order entered by the District Court for Douglas County, Nebraska, vacating a previous default judgment entered by the same court in favor of appellant and against Don Weindorf, also known as Donald L. Bell, the appellee. The judgment was vacated on the grounds of an irregularity, pursuant to the provisions of Neb. Rev. Stat. § 25-2001 (Reissue 1975). We affirm the action of the trial court vacating the judgment.

Section 25-2001 provides, in part, as follows:

A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order . . . .

The record in this case is extremely sparse and consists simply of a transcript and no bill of exceptions. The transcript discloses that on July 5, 1978, the appellee filed a motion to vacate a judgment previously entered by default and noticed the motion for hearing on July 19, 1978, at 10:30 a.m., before the Honorable John Clark, one of the district judges in and for the 4th judicial district (Douglas County). On July 19, a journal entry was made by the court reciting as follows: "Parties appeared by counsel. Arguments heard. Defendant's motion to vacate judgment on the grounds that it was obtained irregularly is sustained. Judgment entered herein on

August 23, 1977 is vacated and set aside. Order to be submitted. JOHN E. CLARK, JUDGE.''

On July 21, 1978, a formal order generally setting out the same facts as the journal entry of July 19 was signed by the court and filed with the clerk of the District Court. We are not provided with any information as to what evidence was submitted to the trial court or what arguments were made to support the court's finding that the earlier judgment was irregularly obtained. We have no way of determining from the record before us what it was that the District Court relied upon to determine that the judgment had been irregularly obtained.

On July 28, 1978, appellant filed a motion for rehearing on the vacation of the judgment and, on August 3, 1978, after argument, the appellant's motion for rehearing was sustained and a rehearing was set at a time to be agreed upon by counsel. The transcript then discloses that such rehearing was held before the Honorable John Burke, then one of the judges in and for the 4th judicial district, on June 25, 1979. A journal entry contained in the transcript states that, on June 25, 1979, the motion for rehearing was overruled by Judge Burke. Again, we have no bill of exceptions indicating what evidence was considered by either Judge Clark when he sustained the motion for rehearing, or by Judge Burke when he overruled it. The record contains a notation by the court reporter indicating that no testimony was taken. This entry does little to clear up the mystery.

It is, however, uniformly recognized that the matter of setting aside a default judgment is, to a large extent, within the discretion of the trial court. See *Commercial Sav. & Loan Assn. v. Holly Development, Inc.,* 182 Neb. 335, 154 N.W.2d 510 (1967).

Further, as a discretionary matter, such determination will, on appeal, be presumed to have been made in the proper exercise of that discretion where the contrary does not appear from the record. An

appellant who claims an abuse of discretion has the burden of proving that claim. 5 Am. Jur. 2d *Appeal and Error* § 775; *Sutton v. State,* 163 Neb. 524, 80 N.W.2d 475 (1957). In *Sutton,* we reaffirmed our earlier holding, as stated in the syllabus to *Waldron v. First Nat. Bank of Greenwood,* 60 Neb. 245, 82 N.W. 856 (1900), that "It will be presumed, in the absence of a showing to the contrary, that the discretionary powers of the district court have been wisely exercised."

We further held in *Sutton* that the burden of showing an abuse of discretion rests on the appellant and that such claimed abuse cannot be presumed, but must be made to appear by evidence before its existence can be found by an appellate court.

As we have already indicated, there is no record before us which would indicate how or in what manner the trial court abused its discretion, either in initially setting aside the judgment, or in overruling the motion for rehearing once granted. We must, therefore, presume that the District Court properly exercised its discretionary power and we cannot rely solely upon argument of appellant, unsupported by evidence, to find the contrary. We are, therefore, left with no basis upon which to disagree with the trial court and must affirm its judgment.

AFFIRMED.