Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/07/2016 12:10 PM CDT

STATE OF NEBRASKA, APPELLEE, V.
RAYMUNDO M. PEREZ-CRUZ,
APPELLANT.

___ N.W.2d ___

Filed March 8, 2016.    No. A-15-273.

1. **Criminal Law: Jury Trials: Waiver.** The right to trial by jury is personal and may be waived by a criminal defendant.
2. **Jury Trials: Waiver.** In order to waive the right to trial by jury, a defendant must be advised of the right to jury trial, must personally waive that right, and must do so either in writing or in open court for the record.
3. **Jury Trials: Waiver: Presumptions.** The waiver of a right to jury trial must be express and intelligent and cannot be presumed from a silent record.
4. **Jury Trials: Waiver.** Once trial by jury is knowledgeably and voluntarily waived, a defendant has no absolute right to withdraw or revoke the waiver and demand a jury trial.
5. **Jury Trials: Waiver: Appeal and Error.** Whether one accused of a crime who has previously waived the right to trial by jury will be permitted to withdraw the waiver is within the discretion of the trial court; there is no error absent an abuse of discretion.
6. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Reversed and remanded for a new trial.

Jim K. McGough, of McGough Law, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Irwin and Inbody, Judges.

Inbody, Judge.

## INTRODUCTION

Raymundo M. Perez-Cruz appeals his conviction and sentence in Lancaster County District Court for first degree sexual assault of a child. For the reasons that follow, we find that the district court abused its discretion by overruling Perez-Cruz' motion to withdraw the waiver of his right to a jury trial. Perez-Cruz' conviction and sentence are reversed, and the matter is remanded to the district court for a new trial.

## STATEMENT OF FACTS

On October 18, 2013, the State filed an information charging Perez-Cruz with one count of first degree sexual assault of a child, a Class IB felony, in violation of Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014) based upon allegations that Perez-Cruz, who at that time was older than 25 years old, subjected a victim, born in 1999, to sexual penetration.

On January 30, 2014, Perez-Cruz came before the court for purposes of entering a waiver of his right to a speedy trial and right to a jury trial. Counsel for Perez-Cruz indicated that a plea agreement might be reached with the State and requested 60 days to do so. The court advised Perez-Cruz of his right to a speedy trial and right to a jury trial. Perez-Cruz indicated, in open court, that he understood those rights and wished to waive them both. The district court found that Perez-Cruz had freely, voluntarily, knowingly, and intelligently waived his right to a speedy trial and right to a jury trial. The district court set the matter for entry of plea for April 2014.

On May 5, 2014, Perez-Cruz filed a motion to withdraw his waiver of a jury trial. The motion alleged that the waiver was premised upon "inducement, expectancy on a partial plea agreement and would not have been made but for the fact that

the case was put on a Plea Calendar." The motion alleged that on April 26, he was informed that there would be no plea, and that thus, he wished to reinstate his right to a jury trial. On May 19, Perez-Cruz' motion came before the court. In response to the motion, the State indicated that it had missed an opportunity to try the case during the February, April, and June term because it was "too late" and that the State was not going to be in a position to try the case in June. The trial court took the matter under advisement and, on June 2, overruled the motion. The trial court ordered that "[b]ased on the evidence, [Perez-Cruz'] motion to withdraw his waiver of a jury trial is overruled."

The matter came on for bench trial in November 2014, after which the district court found that the State had proved beyond a reasonable doubt that Perez-Cruz was guilty of the charge as alleged in the information. The district court later sentenced Perez-Cruz to 25 to 40 years' imprisonment with 606 days' credit for time served.

## ASSIGNMENTS OF ERROR

Perez-Cruz assigns that the district court erred by overruling his request to withdraw his waiver of a jury trial, by finding that the evidence was sufficient to convict him of first degree sexual assault, and by imposing an excessive sentence. Perez-Cruz also assigns that trial counsel was ineffective for advising him to waive his right to a jury trial.

## ANALYSIS

*Withdraw Waiver of Jury Trial.*

Perez-Cruz assigns that the district court abused its discretion by denying his motion to withdraw his waiver of the right to a jury trial.

[1-3] The right to trial by jury is personal and may be waived by a criminal defendant. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995); *State v. Zemunski*, 230 Neb. 613, 433 N.W.2d 170 (1988). In order to waive the right to trial by jury, a defendant must be advised of the right to jury trial, must

personally waive that right, and must do so either in writing or in open court for the record. *State v. Russell, supra*; *State v. High*, 225 Neb. 690, 407 N.W.2d 776 (1987). The waiver of a right to jury trial must be express and intelligent and cannot be presumed from a silent record. See, *State v. Miller*, 226 Neb. 576, 412 N.W.2d 849 (1987); *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987). See, also, *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985).

[4,5] Once trial by jury is knowledgeably and voluntarily waived, a defendant has no absolute right to withdraw or revoke the waiver and demand a jury trial. See *State v. Kaba*, 217 Neb. 81, 349 N.W.2d 627 (1984). Whether one accused of a crime who has previously waived the right to trial by jury will be permitted to withdraw the waiver is within the discretion of the trial court; there is no error absent an abuse of discretion. See *id.*

Perez-Cruz argues that his motion to withdraw should have been granted because there was no prejudice to the State or the court as the case was not yet scheduled for trial.

In the case of *State v. Zemunski, supra*, the record indicated that the defendant was advised of his right to a jury trial and waived that right. By his own admission, the defendant chose to waive his right to jury trial at that time in order to gain a tactical advantage through delay. Once he achieved his objective, the defendant sought to withdraw his waiver. The trial court denied the motion, and the Nebraska Supreme Court found that there was no abuse of discretion evident from the record because the waiver was made in order to gain a tactical advantage. *Id.*

In the case of *State v. Kaba, supra*, the defendant alleged that the district court abused its discretion in overruling his motion to withdraw his right to a jury trial. The Nebraska Supreme Court found no abuse of discretion because the defendant did not file his motion until the date set for trial. See, also, *Sutton v. State*, 163 Neb. 524, 80 N.W.2d 475 (1957).

In the case of *Sutton v. State, supra*, the defendant was convicted by a jury in a justice of the peace court for speeding. The defendant appealed the matter to the district court and waived a jury trial. The matter was continued to the next term of the court and came on for trial. On the date which the trial without a jury was set, the defendant asked to withdraw the previous waiver of the jury trial for no reason other than he wished to withdraw the waiver and requested a jury trial. The Nebraska Supreme Court generally cited "46 A. L. R. 2d 920 [and] 50 C. J. S., Juries, § 111 b, p. 825," for authorities which pointed out the elements which must appear in the record to be considered by an appellate court to determine whether or not the trial court abused its discretion in refusing to permit the withdrawal of a waiver. *Sutton v. State*, 163 Neb. at 526, 80 N.W.2d at 476. The court then went on to find: "To enumerate them here would serve no purpose. It is sufficient to say that defendant herein made no affirmative showing with relation thereto. He simply sought to withdraw the voluntary waiver at his mere will, which he had no right or power to do." *Id*. at 527, 80 N.W.2d at 476.

We are mindful that once trial by jury is knowledgeably and voluntarily waived, a defendant has no absolute right to withdraw or revoke the waiver and demand a jury trial. See *State v. Kaba*, 217 Neb. 81, 349 N.W.2d 627 (1984). However, that determination is made at the discretion of the trial court. *Id*. In this case, the trial court gave no indication whatsoever, other than "[b]ased on the evidence," for the reason it was overruling Perez-Cruz' motion to withdraw his waiver of his right to a jury trial.

We find that upon our review of the record, clearly, Perez-Cruz made an affirmative showing the district court abused its discretion by not allowing him to withdraw his waiver. There is no evidence in the record to indicate that reinstating Perez-Cruz' right to a jury trial was made to gain a tactical advantage, was made on the date set for trial, or was made for any other reason other than Perez-Cruz' belief that a plea

agreement would be reached. At the waiver hearing, counsel for Perez-Cruz indicated that he was hopeful that a plea agreement would be reached, an indication with which the State did not object, and the State acknowledged that the parties were working toward a plea agreement. However, at the motion to withdraw hearing, the State argued that it would not be ready to try the case during the upcoming June trial term, although the record shows that Perez-Cruz also waived his right to a speedy trial, and there is nothing to indicate that the State would not be able to set the matter for trial during the following term in order to have more time to prepare for trial. In fact, the record shows that the bench trial was not held until the following November and that setting the matter for a subsequent jury term would not have adversely affected the State's ability to have time to try the case.

Furthermore, we are dealing with a set of circumstances much different than those in the cases cited above wherein the denial of a motion to withdraw the waiver of the right to a jury trial was denied. See, *State v. Zemunski*, 230 Neb. 613, 433 N.W.2d 170 (1988); *State v. Kaba, supra*. Perez-Cruz was not using the waiver of his jury trial to gain a tactical advantage, nor was he using it to delay the start of a previously scheduled trial. The parties were in the preliminary stages of the case and were very clearly in contemplation of reaching a plea agreement. At the waiver hearing, the district court asked Perez-Cruz if the parties were continuing the matter for a bench trial, which Perez-Cruz denied and instead requested that it be set for a plea. Obviously, the parties had an inclination that, most likely, there would not be a need for a trial date, bench or jury, and, as such, preemptively waived the right to a jury trial in order to avoid any unnecessary scheduling. The State cannot now contend that such a procedure would have impeded its ability to adequately prepare for a trial which was not contemplated at the time of the waiver of Perez-Cruz' right to a jury trial.

Therefore, based upon the record before the court and the circumstances of this case, we find that the trial court abused its discretion by overruling Perez-Cruz' motion to withdraw the waiver of his right to a jury trial. Therefore, the judgment of conviction and sentence are hereby reversed and the matter is remanded to the district court for a new trial.

*Remaining Assignments of Error.*

[6] Having made this determination regarding the motion to withdraw Perez-Cruz' right to a jury trial, we need not address his remaining assignments of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Johnson v. Nelson*, 290 Neb. 703, 861 N.W.2d 705 (2015).

## CONCLUSION

In conclusion, we find that the district court abused its discretion by overruling Perez-Cruz' motion to withdraw his right to a jury trial. Perez-Cruz' conviction and sentence are reversed, and the matter is remanded to the district court for a new trial.

Reversed and remanded for a new trial.