STATE OF NEBRASKA, APPELLEE, V. JOSEPH C. SVOBODA, APPELLANT.

259 N. W. 2d 609

Filed November 16, 1977. Nos. 41215, 41216, 41217.

Thomas M. Kenney and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

The defendant filed a motion for post conviction relief in each of three original criminal proceedings. The District Court found that the issues raised in defendant's post conviction motions had been raised previously on direct appeal and denied the motions without an evidentiary hearing. The motions were considered together below and the cases have been consolidated for this appeal.

On September 24, 1974, a trial of the defendant on

two counts of burglary was commenced before a jury. The jury was selected and the State proceeded with the presentation of evidence. On the next day there was a discussion in chambers about a proposed plea bargain and the defendant's complaints about the conduct of his counsel. Following the discussion in chambers the defendant pleaded nolo contendere to the two burglary counts on which he was being tried. The two habitual criminal counts added to those charges were dismissed. The defendant also pleaded nolo contendere to a charge of failure to appear, and the county attorney dismissed a third burglary charge and also agreed that he would not refile a charge of felon in possession of a firearm. Defendant's convictions on the three charges were entered and the jury was dismissed. Thereafter defendant was sentenced to 3 to 10 years imprisonment on one burglary count, 6 years imprisonment on the second, and 1 year on the charge of failure to appear, the sentences to run consecutively.

The convictions were appealed to this court and it was assigned as error that defendant's pleas were involuntary because of the trial court's participation in plea bargaining discussions, and because of misrepresentation and coercion by counsel as to the plea bargain. Because there was no motion for a new trial, this court held that the issues raised by the defendant would not be considered on appeal and affirmed the judgments. State v. Svoboda, 194 Neb. 663, 234 N. W. 2d 901.

The three post conviction actions involved here were thereafter commenced in February 1976. In each case the motion to vacate and set aside the judgment and sentence alleged that the defendant's plea was coerced and involuntary because the trial court actively participated in the prosecution and plea bargaining, and that defendant's counsel misrepresented the terms of the plea bargain and induced the defendant to enter a guilty plea against

his will. The motions were consolidated in the District Court, and on November 30, 1976, the District Court denied the motions without granting an evidentiary hearing, on the ground that the issues raised in defendant's motions for post conviction relief had been raised previously in the direct appeal to this court.

The State contends that where the issues which are the grounds of a motion for post conviction relief were raised in a direct appeal, that appeal precludes the raising of those issues in a post conviction review, even though this court, on the direct appeal, did not consider or pass upon those issues. We disagree. In essence, the State and the trial court rely upon a consistently repeated holding of this court: "A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated." See, State v. Lincoln, 186 Neb. 783, 186 N. W. 2d 490; State v. Oziah, 198 Neb. 423, 253 N. W. 2d 48. It is erroneous to assume, for post conviction purposes, that issues raised in a direct appeal have been "litigated" in this court when the case is disposed of on procedural grounds, if the issues were not considered or passed upon by the Supreme Court. Such an interpretation emasculates the Post Conviction Act.

In the absence of violation of a constitutional right, no relief may be had under the Post Conviction Act. State v. Blackwell, 191 Neb. 155, 214 N. W. 2d 264. Section 29-3003, R. R. S. 1943, specifically provides that the remedy provided by the Post Conviction Act is cumulative and is not intended to be concurrent with any other remedy existing under the laws of this state. On the direct appeal this court did not consider or pass upon the issues raised in the motions for post conviction relief which are now before us. Those issues were, therefore, not "litigated" in this court in the context of a subsequent

post conviction proceeding. Where an issue of constitutional dimensions has been raised in a direct appeal of a criminal conviction, and that issue was not considered or ruled upon by this court in the direct appeal, the issue may properly be raised in a subsequent motion for post conviction relief. The assertion of a constitutional right by a defendant in a direct appeal of a criminal conviction in this court does not constitute a waiver of his right to post conviction review where this court does not consider or pass upon the issue.

The Post Conviction Act provides that unless the motions and files and records of the case show that the prisoner is entitled to no relief, the court shall grant a prompt hearing. See § 29-3001, R. R. S. 1943. "In a post conviction proceeding, the files and records of the case must affirmatively establish that the prisoner is entitled to no relief or an evidentiary hearing must be granted." State v. Ford, 198 Neb. 376, 252 N. W. 2d 643.

In State v. Turner, 186 Neb. 424, 183 N. W. 2d 763, this court approved the A. B. A. Standards Relating to Pleas of Guilty. Section 3.3 (a) of those standards provides: "The trial judge should not participate in plea discussions." This court has consistently adhered to that view. The motions for post conviction relief here allege that defendant's pleas were involuntary because of the trial court's participation in plea bargaining discussions, and also alleged misrepresentation and ineffective assistance of counsel. The allegations, if true, constituted a denial or infringement of the constitutional rights of the defendant. See, State v. Gee, 191 Neb. 60, 213 N. W. 2d 726; State v. Tunender, 182 Neb. 701, 157 N. W. 2d 615. The files and records of the case do not affirmatively establish that the defendant is entitled to no relief and the District Court should have granted an evidentiary hearing.

The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.