STATE OF NEBRASKA, APPELLEE, V. EDWARD A. RUSSELL,
APPELLANT.

539 N.W.2d 8

Filed October 27, 1995.   No. S-94-1071.

James Walter Crampton for appellant.

Edward A. Russell, pro se.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

In his postconviction relief motion, Edward A. Russell asked the district court for Douglas County to vacate his bench trial first degree murder conviction and his life sentence. Russell appeals from the district court's denial of his postconviction relief motion.

Upon review of the record, we find that Russell's claims for

postconviction relief lack merit. However, Russell's case must be remanded to the district court because that court failed to properly sentence Russell on a charge of using a firearm to commit a felony.

## STANDARD OF REVIEW

A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Ryan, ante* p. 405, 534 N.W.2d 766 (1995). The appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. *State v. Barfoot, ante* p. 335, 534 N.W.2d 572 (1995). A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Lowe, ante* p. 215, 533 N.W.2d 99 (1995).

## FACTS

On July 26, 1991, Russell, having previously been attacked and beaten, returned with a gun to the site of his beating and fired one bullet in the direction of three individuals. The bullet struck one of the individuals, who died of a hemorrhage from the gunshot wound. The State charged Russell with first degree murder and also with the use of a firearm to commit a felony. A public defender was appointed to represent Russell.

On January 13, 1992, Russell filed a motion to suppress statements allegedly made by him to police. On February 25, the court sustained in part Russell's suppression motion.

At the hearing on the motion to suppress, Russell stated that he was prepared to waive a jury trial. The court advised Russell of his right to a jury trial and the consequences of waiving a jury trial. Russell told the court that he was not promised leniency, threatened, or pressured to waive a jury trial. Russell then, in open court with his counsel present, waived his right to a jury trial.

Thereafter, a bench trial began. Russell was convicted of both counts contained in the information filed against him. The trial court sentenced Russell to life imprisonment on the murder conviction and to a 15-month term of imprisonment on the use

of a firearm conviction with credit for 283 days served. The trial court was silent as to whether the sentences were to be served consecutively or concurrently.

Russell, represented by different counsel, directly appealed his conviction to this court, assigning only that there was insufficient evidence for the trial court to find Russell guilty of first degree murder. We held that there was sufficient evidence in the record to support the trial court's finding that Russell was guilty of murder in the first degree. *State v. Russell*, 243 Neb. 106, 497 N.W.2d 393 (1993).

On September 20, 1994, Russell filed, pro se, a verified motion for postconviction relief. Russell essentially claimed that (1) there was insufficient evidence to convict him of first degree murder, (2) the trial court did not present a basis for finding him guilty, (3) his right to a speedy trial was violated, and (4) the prosecutor's closing statement contained uncorroborated conclusions. Russell also alleged that his trial counsel provided ineffective assistance because counsel advised and coerced Russell to waive a jury trial, employed an unsupported theory of defense, failed to inform Russell of his right to a speedy trial, allowed Russell to sit idle in jail for 5 months before rushing him to trial, and failed to object to unsupported testimony. Russell alleged that his counsel on direct appeal provided ineffective assistance because counsel did not put forth a meaningful challenge to the State's evidence and adopted the same defense strategy as trial counsel. Russell also requested appointment of counsel and an evidentiary hearing in his pro se postconviction proceedings.

On November 1, 1994, the district court, after reviewing Russell's motion and the record, entered judgment denying Russell postconviction relief. Russell then filed this appeal.

## ASSIGNMENTS OF ERROR

In a supplemental brief prepared by newly appointed counsel, Russell assigned that the trial court erred in (1) failing to find that Russell was denied effective assistance of appellate counsel, (2) refusing to grant an evidentiary hearing, and (3) failing to appoint counsel to represent Russell on his motion for postconviction relief.

In Russell's pro se brief, filed prior to the appointment of counsel, Russell assigned that the trial court erred in (1) convicting Russell of first degree murder without sufficient evidence; (2) failing to present a basis for finding Russell guilty of first degree murder; (3) failing to find ineffective assistance of trial counsel based upon counsel's failure to advise Russell of his right to a speedy trial and to raise the issue before the court, employing unsupported defense strategy, persuading Russell to waive his right to a jury trial in return for a lesser sentence, and waiting 5 months to rush Russell to trial; (4) failing to find ineffective assistance of counsel on direct appeal based upon appellate counsel not raising the issue of trial counsel's ineffective assistance; (5) failing to find that the prosecutor's closing statement contained uncorroborated conclusions; and (6) failing to find that Russell's right to a speedy trial was violated.

## ANALYSIS

Initially, we note that the trial court sentenced Russell to a 15-month term in the Nebraska Penal and Correctional Complex with 283 days' credit for time served for using a firearm to commit a felony. The trial court also sentenced Russell to life imprisonment for first degree murder. The trial court, however, did not state whether the sentence for use of a firearm was to be served consecutively to the sentence for first degree murder.

Neb. Rev. Stat. § 28–1205(3) (Reissue 1989) mandates that a sentencing court require that a sentence for the use of a firearm in the commission of a felony be served consecutively to any other sentence imposed. The use of the word "shall" in § 28–1205(3) mandates consecutive sentencing. *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995). An appellate court always reserves the right to note plain error of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Wilson*, 247 Neb. 948, 530 N.W.2d 925 (1995). Using a firearm to commit a felony in violation of § 28–1205(3) "shall be treated as a separate and distinct offense from the felony being committed, and sentences

imposed under the provisions of [§ 28-1205] shall be consecutive to any other sentence imposed." The trial court's failure to impose Russell's sentence for use of a firearm consecutively to his life imprisonment sentence is in violation of § 28-1205(3) and is plain error. See *State v. Myers*, 244 Neb. 905, 510 N.W.2d 58 (1994).

### SUFFICIENCY OF THE EVIDENCE

Russell's argument that there was insufficient evidence to support his conviction of first degree murder lacks merit because the sole assignment of error on direct appeal was the sufficiency of the evidence. The issue has already been addressed by this court and will not be addressed again. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Keithley*, 247 Neb. 638, 529 N.W.2d 541 (1995).

### TRIAL COURT FINDINGS

Russell's claim that it was error for the trial court to convict and sentence him without articulating a basis for the conviction also lacks merit. A trial court sitting without a jury is not required to articulate findings of fact or conclusions of law in criminal cases. *State v. Secret*, 246 Neb. 1002, 524 N.W.2d 551 (1994). It is presumed in a jury-waived criminal trial that the judge was familiar with and applied the proper rules of law unless it clearly appears otherwise. *State v. Franklin*, 241 Neb. 579, 489 N.W.2d 552 (1992).

### PROSECUTORIAL MISCONDUCT

Russell argues that the prosecutor in her closing arguments made prejudicial uncorroborated statements. It is a well-established legal principle that it is improper for counsel to comment during closing argument on matters unsupported by the evidence. *State v. Trackwell*, 244 Neb. 925, 509 N.W.2d 638 (1994). Russell does not explain, however, precisely what comments made by the prosecutor were improper. The record does not reflect any unsupported closing arguments from the prosecutor. Once again, Russell failed to meet his burden of proving a prejudicial error.

## SPEEDY TRIAL

Russell's contention that his right to a speedy trial was violated also lacks merit. Every person indicted or informed against for any offense shall be brought to trial within 6 months. Neb. Rev. Stat. § 29-1207(1) (Reissue 1989). A defendant's motion to suppress evidence shall be excluded in computing the time for trial. § 29-1207(4). The state charged Russell by information on August 9, 1991, and a bench trial was held on February 25, 1992. Russell filed a motion to suppress evidence on January 13, 1992, and the motion was sustained in part on February 25. Excluding the time between Russell's filing his suppression motion and the date the court ruled on the motion, Russell's trial was held within the statutory 6-month period.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Russell claims that his trial counsel provided ineffective assistance by not advising him of his right to a speedy trial, not raising the speedy trial issue before the court, waiting 5 months before rushing Russell to trial, conspiring to deprive Russell of his right to a speedy trial by filing a motion to suppress, employing an unsupported defense strategy, and persuading Russell to waive his right to a jury in return for a lesser sentence.

When a defendant in a postconviction motion alleges a violation of his constitutional right to effective assistance of counsel as a basis for relief, the standard for determining the propriety of the claim is whether the attorney, in representing the accused, performed at least as well a lawyer with ordinary training and skill in the criminal law in the area. Further, the defendant must make a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995).

We do not agree with Russell's contention that trial counsel failed to protect Russell's right to a speedy trial. As stated earlier, Russell's right to a speedy trial was not infringed. The defense counsel's decision to toll the 6-month time period in order to move to suppress evidence was a competent decision in light of the court having sustained the motion in part as to

unrecorded statements Russell made to police. Furthermore, given the evidence in the case at bar, defense counsel's emphasis on a bullet–ricochet theory was a reasonable strategy of attacking the issue of intent. When reviewing a claim of ineffective assistance of counsel, an appellate court will not second–guess reasonable strategic decisions by counsel. *State v. Ryan, ante*, p. 405, 534 N.W.2d 766 (1995).

The record reflects that there is no basis to Russell's claim that his trial counsel pressured Russell to waive a jury. The right to trial by jury is personal and may be waived by a criminal defendant. *State v. Zemunski*, 230 Neb. 613, 433 N.W.2d 170 (1988). In order to waive the right to trial by jury, a defendant must be advised of the right to jury trial, must personally waive that right, and must do so either in writing or in open court for the record. *State v. High*, 225 Neb. 690, 407 N.W.2d 776 (1987). The record reflects that Russell personally, freely, voluntarily, knowingly, and intelligently waived his right to a jury trial without any promises of leniency or pressure from his counsel. In his postconviction petition, Russell did not meet his burden of setting forth facts entitling him to postconviction relief in regard to his allegation that trial counsel performed below the level of ordinary skill of counsel in the area of criminal law.

### Ineffective Assistance of Appellate Counsel

In his supplemental brief, Russell assigns that his counsel on direct appeal provided ineffective assistance by not assigning available errors. Specifically, Russell claims that appellate counsel should have argued that the trial court erred in (1) permitting the State to reopen its case on Russell's motion to suppress, (2) failing to find Russell was arrested without probable cause, (3) admitting Russell's postarrest recorded statement because it was the fruit of an illegal arrest, and (4) finding Russell guilty of first degree murder instead of manslaughter.

Russell did not address his motion to suppress, the legality of his arrest, or the admission of his recorded statement to police in his postconviction motion to the district court. Absent plain error, an issue not presented to or passed upon by the trial court

is not an appropriate issue for consideration upon appeal. *State v. Ryan, supra*. Except as previously stated, we find no plain error. Therefore, we do not address the assignments of error which were not presented to the district court as grounds for postconviction relief.

Russell's contention that appellate counsel was ineffective because counsel did not argue that the evidence supports manslaughter rather than first degree murder lacks merit, for, in fact, Russell's counsel on direct appeal assigned that there was insufficient evidence to find Russell guilty of first degree murder. That matter was addressed by this court, and we affirmed Russell's conviction of first degree murder.

Russell also assigned as error that appellate counsel was ineffective for failing to assign the ineffective assistance of trial counsel. Russell's claim clearly lacks merit because, as addressed earlier, Russell did not establish ineffective assistance on the part of trial counsel.

## EVIDENTIARY HEARING

Russell claims that the postconviction relief court erred in not granting him an evidentiary hearing. An evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. An evidentiary hearing may properly be denied on a motion for postconviction relief when the records and files of the case affirmatively establish that the defendant is not entitled to relief. *State v. Livingston*, 244 Neb. 757, 509 N.W.2d 205 (1993). As reflected in the analyses of Russell's assigned errors, Russell's postconviction motion did not affirmatively establish any basis for relief. Therefore, an evidentiary hearing was not a predicate for the district court to deny Russell's motion for postconviction relief.

## APPOINTMENT OF COUNSEL

Finally, Russell argues that the court erred in not appointing counsel for his postconviction motion. Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144

(1994). Judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *State v. Eona, ante* p. 318, 534 N.W.2d 323 (1995). Because Russell's claims are without merit, there was no justiciable issue of law or fact. As a result, the trial court did not abuse its discretion in declining to appoint counsel for Russell.

## CONCLUSION
The issues presented by Russell in his motion for postconviction relief lack merit. We affirm the district court's judgment in denying Russell's motion for postconviction relief.

Due to plain error, we remand this cause to the district court with direction to vacate Russell's sentence on his conviction of use of a firearm to commit a felony and direct that the district court sentence him on the firearm charge in accordance with § 28-1205(3) and *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995).

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTION.