STATE OF NEBRASKA, APPELLEE, V. LEROY J. PARMAR,
APPELLANT.

544 N.W.2d 102

Filed March 1, 1996.   No. S-95-337.

Mark A. Weber and Scott A. Calkins, of Walentine, O'Toole, McQuillan & Gordon, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

Claiming that (1) the trial court failed to properly instruct the jury and (2) his trial counsel failed to object to the court's instructions, LeRoy J. Parmar, through a motion for postconviction relief, sought to have his felony murder conviction and life sentence for that crime set aside.

The postconviction court denied Parmar an evidentiary hearing and refused to grant him postconviction relief. Parmar appeals from the judgment of the postconviction court and in addition claims that the postconviction relief court should have appointed counsel to represent him on his postconviction relief motion.

We affirm the postconviction court's judgment because Parmar's motion for postconviction relief does not allege facts entitling him to relief and because he did not request appointment of counsel to assist him with his postconviction relief motion.

## ASSIGNMENTS OF ERROR

Parmar claims that the trial court erred in (1) giving a confusing and misleading jury instruction which invaded the province of the jury to judge the credibility of the witnesses, and (2) attempting to clarify a confusing and misleading jury instruction by reference to a conflicting jury instruction already in the possession of the jury. Parmar further claims that the postconviction court erred in failing to appoint counsel for him, in failing to grant him an evidentiary hearing, and in failing to rule on the merits of Parmar's motion for postconviction relief.

## STANDARD OF REVIEW

A defendant in a postconviction proceeding must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution. *State v. Lowe*, 248 Neb. 215, 533 N.W.2d 99 (1995). A criminal defendant seeking postconviction relief has the burden of establishing a basis for such relief, and the findings of the district court will not be disturbed unless clearly erroneous. *State v. Russell*, 248 Neb. 723, 539 N.W.2d 8 (1995).

An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively

show that the defendant is entitled to no relief. *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144 (1994).

Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. *State v. Russell, supra.* Judicial abuse of discretion means that the reasons or rulings of the trial court are clearly untenable, unfairly depriving a litigant of a substantial right, and denying a just result in matters submitted for disposition. *Id.*

## FACTS

Parmar was convicted by a jury of first-degree murder for a felony murder committed on April 17, 1987, in Douglas County. The trial court sentenced Parmar to life imprisonment. At trial, Parmar was represented by the Douglas County public defender's office.

On direct appeal, Parmar, again represented by the Douglas County public defender's office, assigned only that the trial court erred in overruling his motion to suppress certain evidence seized from Parmar's residence. We affirmed Parmar's conviction, holding that although the trial court erred in failing to suppress the evidence in question, the evidence was of slight relevance and the error was harmless beyond a reasonable doubt. *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989).

On February 27, 1995, Parmar sought postconviction relief in the district court for Douglas County, alleging that his constitutional rights were violated when the trial court gave confusing and misleading jury instructions and gave oral jury instructions which were not in writing. Parmar also alleged ineffective assistance of counsel because of his counsel's failure to object to jury instructions. Parmar's motion for postconviction relief did not explain which jury instructions were objectionable nor how he was prejudiced. Parmar requested an evidentiary hearing but did not request appointment of counsel in his postconviction proceeding.

The postconviction court denied Parmar's request for an evidentiary hearing and denied his motion for postconviction relief. The court held that Parmar did not allege facts indicating which jury instructions were confusing or misleading, what oral

instructions were given, and to which jury instructions his trial counsel made no objection. At Parmar's request, the district court did appoint counsel for him upon his appeal to this court.

## ANALYSIS

We initially address whether the postconviction court erred in not granting Parmar an evidentiary hearing. An evidentiary hearing on a postconviction motion is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Russell, supra*. However, in the case at bar, Parmar's postconviction motion does not contain factual allegations. The motion merely concludes that there were confusing written and oral jury instructions to which trial counsel did not object. Parmar's motion did not inform the postconviction court as to the substance or prejudice of the jury instructions. A court is not required to grant an evidentiary hearing on a motion for postconviction relief which does not contain sufficient factual allegations concerning a denial or violation of constitutional rights. See *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990).

Because Parmar's postconviction motion did not appropriately allege facts entitling him to relief, we need not address the merits of his motion. Thus, the only remaining assigned error is Parmar's claim that the postconviction court erred in not appointing counsel for him.

A district court may appoint competent and effective counsel in postconviction proceedings. See Neb. Rev. Stat. § 29-3004 (Cum. Supp. 1994). However, the State is not required to supply the inmate a lawyer in postconviction proceedings. See *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993), *cert. denied* 510 U.S. 829, 114 S. Ct. 97, 126 L. Ed. 2d 64. Furthermore, a criminal defendant has the right to represent himself. See Neb. Const. art. I, § 11. See, also, *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994), *cert. denied* ____ U.S. ____, 115 S. Ct. 2279, 132 L. Ed. 2d 282 (1995); *State v. Sack*, 239 Neb. 690, 477 N.W.2d 921 (1991); *State v. Shepard*, 239 Neb. 639, 477 N.W.2d 567 (1991).

In the case at bar, Parmar did not request the appointment of counsel in his postconviction proceedings, and therefore, the postconviction court did not abuse its discretion by not appointing Parmar counsel when he did not request such an appointment.

## CONCLUSION

Parmar's postconviction motion is deficient on its face because it does not sufficiently allege facts entitling him to relief. Thus, the postconviction court did not err in denying Parmar relief without an evidentiary hearing. Moreover, the postconviction court did not abuse its discretion in not appointing counsel because Parmar did not request the appointment of counsel in his postconviction proceeding in the district court.

AFFIRMED.