STATE OF NEBRASKA, APPELLEE, V.
LEROY J. PARMAR, APPELLANT.

639 N.W.2d 105

Filed February 15, 2002.   No. S-00-1327.

Steven E. Achelpohl for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

STEPHAN, J.

LeRoy J. Parmar appeals from an order of the district court for Douglas County denying his motion for postconviction relief. For reasons different from those articulated by the district court, we affirm its judgment.

## FACTS AND PROCEDURAL HISTORY

This is Parmar's fourth request for postconviction relief since his conviction was affirmed by this court on direct appeal. *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989) (*Parmar I*).

Two of the three previous postconviction proceedings were subjects of appeals decided by this court: *State v. Parmar*, 249 Neb. 462, 544 N.W.2d 102 (1996) (*Parmar II*), and *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998) (*Parmar III*). Where cases are interwoven and interdependent and the controversy involved has already been considered and decided by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001); *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000). A reviewing court considering a motion for postconviction relief may take judicial notice of the record in the direct appeal. *State v. Bennett*, 256 Neb. 747, 591 N.W.2d 779 (1999). The record in this case and those from Parmar's direct appeal and prior postconviction proceedings disclose the following history.

## CONVICTION AND DIRECT APPEAL

On May 7, 1987, Parmar was charged by information with the first degree murder of Frederick Cox. On March 17, 1988, a jury found Parmar guilty beyond a reasonable doubt. A detailed description of the facts leading to Parmar's conviction may be found in *Parmar I*. On June 7, Parmar filed notice of his intent to appeal his conviction and was appointed different counsel. On direct appeal, Parmar's appellate counsel raised a single assignment of error, arguing that the district court committed reversible error by failing to suppress a pump action BB gun that was illegally seized from Parmar's residence, which evidence was used against him at his trial. In affirming the conviction and sentence, this court held that the district court erred in failing to suppress the BB gun but that the admission of such evidence was harmless error beyond a reasonable doubt. *Parmar I*.

## FIRST POSTCONVICTION MOTION

On January 13, 1992, Parmar filed a pro se motion for postconviction relief in the district court. For unknown reasons, and before the district court had ruled on his January 13 motion, Parmar filed an identical pro se motion on June 26. In that motion, Parmar alleged that the district court erred in giving instruction No. 20 at trial, that trial counsel was ineffective for

failing to object to this instruction, and that appellate counsel was ineffective for failing to assign and argue these two purported errors. Parmar prayed that his conviction be vacated. On July 7, the district court held that Parmar had not pled facts amounting to a constitutional violation and dismissed his motion without an evidentiary hearing. Parmar did not appeal this ruling. The record reflects no request by Parmar for appointment of postconviction counsel or for leave to amend the postconviction motion.

### SECOND POSTCONVICTION MOTION

On February 27, 1995, Parmar filed his second motion for postconviction relief. In that motion, Parmar alleged that "the [trial] judge gave jury instructions that were confusing and misleading," that "the judge gave oral instructions to the jury and failed to put the instructions in writing," and that "defendant's attorney failed to object to [all of the] jury instructions." Parmar alleged that his constitutional rights had been violated because of these errors and requested an evidentiary hearing. On March 7, the district court held that Parmar had pled only conclusions and dismissed his motion without an evidentiary hearing.

On March 23, 1995, Parmar filed notice of his intent to appeal the district court's March 7 ruling. On March 31, the district court appointed counsel to represent Parmar in his postconviction appeal. In his brief, Parmar repeated the errors he had stated in his motion and also argued that the district court erred in refusing to appoint counsel to help him prepare his motion before he submitted it to the district court. We affirmed the postconviction court's judgment because "Parmar's motion for postconviction relief [did] not allege facts entitling him to relief and because he did not request appointment of counsel to assist him with his postconviction relief motion." *Parmar II*, 249 Neb. at 463, 544 N.W.2d at 104.

### THIRD POSTCONVICTION MOTION

On July 24, 1997, Parmar filed his third motion for postconviction relief. In that motion, Parmar again alleged that the district court erred in giving instruction No. 20, that trial counsel was ineffective for failing to object to that instruction, and that appellate counsel was ineffective for failing to assign and argue

the above two errors. In addition, Parmar alleged that appellate counsel was ineffective for not arguing that all of the evidence seized at Parmar's residence should have been suppressed and for failing to argue that a conflict of interest at the Douglas County public defender's office prejudiced his right to a fair trial. Parmar prayed for an evidentiary hearing and an order vacating his conviction and sentence. On July 30, the district court summarily dismissed his motion and denied his request for an evidentiary hearing, but appointed counsel to represent Parmar on appeal from the denial of postconviction relief.

On August 29, 1997, Parmar's court-appointed counsel filed a notice of appeal in the district court but did not file a separate motion to proceed in forma pauperis or tender a docket fee. Instead, the notice of appeal requested that Parmar be granted in forma pauperis status based on the district court's July 30 determination that Parmar was indigent. On appeal, we held that Neb. Rev. Stat. § 25-1912 (Reissue 1995) required that a poverty affidavit be received in the office of the clerk of the district court no more than 30 days after rendition of the judgment and that the district court's July 30 indigency determination could not substitute for the poverty affidavit. Consequently, we dismissed the appeal for lack of jurisdiction. *Parmar III.*

FOURTH POSTCONVICTION MOTION

On October 25, 1999, Parmar filed his fourth motion for postconviction relief. In that motion, Parmar again alleged that the district court erred in giving instruction No. 20, that trial counsel was ineffective for failing to object to that instruction, and that counsel on direct appeal was ineffective for failing to assign and argue the above two errors. Parmar also argued, for the second time, that his counsel on direct appeal failed to assign as error the district court's failure to suppress all of the evidence seized from his residence and to argue that the alleged conflict of interest at the Douglas County public defender's office prejudiced his right to a fair trial. Parmar prayed that he be granted an evidentiary hearing for the purpose of setting aside his conviction and sentence. On November 1, the district court dismissed his motion without an evidentiary hearing.

On November 23, 1999, the district court vacated its November 1 order and gave Parmar and his court-appointed

attorney 30 days to amend his motion. On December 30, post-conviction counsel filed an amended motion for postconviction relief. The record does not indicate that any action was taken on that motion, and postconviction counsel filed another amended motion on September 18, 2000. The September 18 motion stated the following seven claims for relief: (1) the district court erred in giving and/or failing to correct instruction No. 20; (2) trial counsel was ineffective for failing to object to instruction No. 20; (3) direct appeal counsel was ineffective for failing to assign and argue that the district court erred in giving and/or failing to correct instruction No. 20; (4) postconviction counsel was ineffective for failing to properly research Parmar's claims and for not requesting leave to amend Parmar's motion for postconviction relief; (5) trial counsel failed to object to a jury instruction that wrongly advised the jury that intent to kill was an element of felony murder, and direct appeal counsel failed to assign the same on appeal; (6) direct appeal counsel failed to assign as error the district court's failure to suppress all of the evidence seized from Parmar's residence; and (7) Parmar's due process rights were violated by a conflict of interest in the Douglas County public defender's office. Parmar prayed for an evidentiary hearing and an order vacating his conviction and sentence. We note that both the original and amended motions for post-conviction relief filed in this proceeding refer to the previous motions filed by Parmar in 1995 and 1997, *Parmar II* and *Parmar III*, but make no reference to Parmar's first postconviction motion filed in 1992.

On September 12, 2000, Parmar appeared before the district court for an evidentiary hearing on his fourth motion for post-conviction relief. Parmar offered, and the court took judicial notice of, nine different exhibits, which included the bill of exceptions from Parmar's trial and the transcripts from his three previous appeals. The State offered no evidence. In an order entered on November 20, the district court noted that Parmar had "filed two prior motions for post conviction [sic] relief, which were dismissed by the Supreme Court on procedural grounds." The court further stated that while there had been no "judicial determination" of these prior motions, Parmar's first amended motion filed in this proceeding was without merit and

should therefore be denied. Parmar commenced this appeal in which he is represented by appointed counsel.

## ASSIGNMENT OF ERROR

Parmar assigns, restated and summarized, that the district court erred in finding that the seven claims in his fourth motion for postconviction relief were without merit.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001); *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001). Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Caddy, supra*; *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000).

## ANALYSIS

The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1995), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000). However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999). The act specifically provides that a "court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner." § 29-3001. In one of our earliest applications of this statutory language, we noted that "[t]here is no justification for allowing a prisoner to continue litigation endlessly by piecemeal post conviction attacks on his conviction and sentence." *State v. Reichel*, 187 Neb. 464, 466-67, 191 N.W.2d 826, 828 (1971). We then articulated the following rule:

> After a first motion for post conviction relief has been judicially determined, any subsequent motion for post conviction relief from the same conviction and sentence may be

dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for post conviction relief.

*Id.* at 467, 191 N.W.2d at 828. More recently, we have followed the principle that an appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Hunt*, 262 Neb. 648, 634 N.W.2d 475 (2001); *State v. Ryan, supra.*

In its brief, the State argues that the district court reached the correct result for an incorrect reason. The State contends that the district court should not have reached the merits of Parmar's fourth postconviction motion because of a procedural bar arising from the denial of Parmar's first postconviction motion in 1992, of which the district court made no mention. At first glance, this argument seems inconsistent with the fact that we did not apply a procedural bar in affirming the denial of Parmar's second postconviction motion in *Parmar II*. However, our review of that record discloses that it did not contain Parmar's first postconviction motion or the district court's July 7, 1992, order denying the relief requested. We did not reach the issue of procedural bar in *Parmar III* because it was decided on jurisdictional grounds. In the present case, however, we have appellate jurisdiction and the documents from the first postconviction proceeding are included in the record. We must therefore determine, as a matter of law, whether the disposition of Parmar's first postconviction motion constituted a procedural bar to this, his fourth motion.

In his first postconviction motion which was filed pro se in 1992, Parmar alleged that his trial counsel was ineffective for not objecting to instruction No. 20 and that his appellate counsel was ineffective for failing to raise this issue on direct appeal. In denying postconviction relief, the district court specifically held that instruction No. 20 comported with pattern instructions and that any objection to the instruction would have been overruled. The court held that Parmar therefore had not alleged the element of prejudice necessary to support a claim of ineffective

assistance of counsel and denied his motion for an evidentiary hearing and postconviction relief.

In his fourth postconviction motion, Parmar again challenges the failure of trial counsel to preserve error with respect to instruction No. 20 and the failure of appellate counsel to raise the issue on direct appeal. Parmar also alleges other respects in which he contends that trial and appellate counsel were ineffective but makes no affirmative showing that these asserted grounds for postconviction relief were not available to him at the time he filed his initial postconviction motion in 1992. In the absence of such a showing, a subsequent motion for postconviction relief will not be entertained. See *State v. Hunt, supra.*

To avoid a procedural bar, Parmar argues that there has been no "judicial determination" of issues raised in his previous postconviction motions, relying upon *State v. Svoboda*, 199 Neb. 452, 259 N.W.2d 609 (1977), and *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991). In *Svoboda*, we held that issues which were raised but not considered on direct appeal could be asserted as grounds for postconviction relief. Applying similar reasoning in *Whitmore*, we held that a second postconviction motion could be entertained because a court never acquired jurisdiction over the first postconviction motion. We ultimately held, however, that the postconviction claims were procedurally barred because they could have been raised on direct appeal but were not. *State v. Whitmore, supra.*

Neither *Svoboda* nor *Whitmore* provides a rationale for avoidance of a procedural bar arising from the district court's denial of Parmar's first motion for postconviction relief, which became final when he did not appeal. In that proceeding, the district court clearly exercised its jurisdiction and judicially determined that Parmar's ineffective assistance of counsel claims with respect to instruction No. 20 were without merit because the instruction was properly given and an objection would have been overruled. As noted, Parmar has made no affirmative showing that other ineffective assistance of counsel claims which he now seeks to litigate could not have been included in his first postconviction motion. Although Parmar argues that he appeared pro se in the 1992 postconviction proceeding, this is of no avail because, as we noted in *Parmar II*, there is no absolute

requirement of appointment of counsel in postconviction cases, and the defendant has the right of self-representation. A pro se party is held to the same standards as one who is represented by counsel. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001); *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). While Parmar also argues that he was not given an opportunity to amend his postconviction motion, he acknowledges that the record reflects no request to do so.

Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Williams*, 253 Neb. 111, 568 N.W.2d 246 (1997); *State v. Allen*, 252 Neb. 187, 560 N.W.2d 829 (1997), *disapproved on other grounds, State v. Myers*, 258 Neb. 300, 603 N.W.2d 378 (1999). For the reasons discussed above, which differ from those stated by the district court, we conclude that Parmar's postconviction claims were properly dismissed because they were procedurally barred. The judgment of the district court is therefore affirmed.

AFFIRMED.