JAMES THOMAS HALL, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.
STATE OF NEBRASKA, APPELLEE, V. JAMES T. HALL, ALSO KNOWN
AS THOMAS DUANE STRAWDER, APPELLANT.
646 N.W.2d 572

Filed June 21, 2002.   Nos. S-01-414, S-01-620, S-01-621, S-01-871.

James Thomas Hall, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
## NATURE OF CASE
James Thomas Hall, also known as Thomas Duane Strawder, appeals from district court orders in four separate cases. The four cases were consolidated before this court. In three declaratory judgment actions, cases Nos. S-01-414, S-01-620, and S-01-621, Hall appeals the granting of the State's motions for summary judgment by the district court for Lancaster County. In case No. S-01-871, Hall appeals the order denying his motion for postconviction relief entered by the district court for Hall County. In the three declaratory judgment actions and in the postconviction action, Hall raised issues regarding the constitutionality of the Nebraska homicide statutes. We affirm the orders of the district court for Lancaster County granting the State's motions for summary judgment in cases Nos. S-01-414, S-01-620, and S-01-621, and we affirm the order of the district court for Hall County denying Hall's motion for postconviction relief in case No. S-01-871.

## STATEMENT OF FACTS
*Background: Prior Proceedings Involving Hall.*
In 1991, Hall was charged with first degree murder and other counts in connection with the shooting death of George D. Allan on January 2, 1991. Pursuant to a plea agreement, on July 16, Hall pled guilty to second degree murder and use of a weapon to commit a felony, and the other charges against Hall were dismissed. On September 5, Hall was sentenced to life imprisonment on the second degree murder charge and 20 years' imprisonment on the weapons charge, the sentences to run consecutively. Hall's

sentences were affirmed on appeal by this court. *State v. Hall*, 242 Neb. 92, 492 N.W.2d 884 (1992).

In 1993, Hall filed a motion for postconviction relief, which was denied by the district court for Hall County. The appeal of the denial of postconviction relief was dismissed by this court. *State v. Hall*, 245 Neb. xx (No. S-93-989, May 16, 1994). Hall filed a second motion for postconviction relief in 1995 on the basis that the information to which he pled guilty did not include "malice" as a material element of the crime. The second motion was denied by the district court on the ground of procedural default because the error could have been brought to the court's attention either on direct appeal or in the first postconviction action. On appeal, this court ruled that the error in the information was plain error resulting in an unconstitutional conviction. This court reversed the order of the district court denying Hall's motion for postconviction relief, set aside Hall's convictions for second degree murder and use of a weapon to commit a felony, and remanded the cause with directions to the district court to grant a new trial. *State v. Hall*, 249 Neb. 376, 543 N.W.2d 462 (1996), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

Following remand, on May 20, 1996, Hall was again charged with first degree murder and use of a weapon to commit a felony. Upon Hall's motion, the district court for Hall County dismissed the weapons charge on the basis that the charge was barred by the statute of limitations. This court dismissed the State's appeal from the dismissal of the weapons charge on the basis that it lacked jurisdiction because the district court's order dismissing the weapons count did not constitute a final order. *State v. Hall*, 252 Neb. 885, 566 N.W.2d 121 (1997).

On November 12, 1997, Hall pled guilty to second degree murder and was sentenced on December 18 to life imprisonment. Hall appealed from the conviction alleging excessive sentence and no credit for time served. This court summarily affirmed Hall's conviction and sentence on May 20, 1998. *State v. Hall*, 254 Neb. xix (No. S-98-068, May 20, 1998).

On July 24, 1998, Hall filed a motion for postconviction relief related to the 1997 conviction. In the motion, Hall asserted, inter alia, that appellate counsel was ineffective for failing to appeal

the constitutionality of Nebraska's second degree murder statute. A hearing was held May 23, 2000. On July 13, the district court for Hall County overruled the postconviction motion. Hall filed a notice of appeal on September 15. This court entered an order dismissing the appeal on November 22 because the appeal had not been timely filed. *State v. Hall*, 260 Neb. xxiv (case No. S-00-1048, Nov. 22, 2000).

*Declaratory Judgment Actions: Cases Nos. S-01-414, S-01-620, and S-01-621.*

On August 17 and 20, 1999, Hall filed three petitions for declaratory judgment in the district court for Lancaster County. These three petitions initiated the actions that are the subjects of the appeals in cases Nos. S-01-414, S-01-620, and S-01-621. In case No. S-01-414, Hall sought a declaration that Neb. Rev. Stat. § 28-305 (Reissue 1995) regarding manslaughter was unconstitutional; in case No. S-01-620, Hall sought a declaration that Neb. Rev. Stat. § 28-304 (Reissue 1995) regarding murder in the second degree was unconstitutional; and in case No. S-01-621, Hall sought a declaration that Neb. Rev. Stat. § 28-303(1) (Reissue 1995) regarding murder in the first degree was unconstitutional. Hall filed amended petitions in the three actions on December 6, 2000. Hall asserted in the petitions that the homicide statutes were unconstitutionally vague and overbroad.

On January 24, 2001, the State filed motions for summary judgment in the three declaratory judgment actions. A hearing on the motions was held February 28. On March 20, the district court granted the three motions for summary judgment filed by the State.

With respect to case No. S-01-621, in which Hall challenged the first degree murder statute, § 28-303(1), the district court concluded that Hall had waived his opportunity to present the constitutional question he was attempting to raise in this declaratory action by having pled guilty to second degree murder after being charged with first degree murder. The district court further concluded in all three cases Nos. S-01-414, S-01-620, and S-01-621 that no present case or controversy existed between the parties regarding the statutes at issue and

concluded that the Uniform Declaratory Judgments Act applied only where there were actual controversies and justiciable issues presented. The district court further found that, to the extent Hall's challenges related to his conviction for second degree murder, (1) the procedural safeguards which inure to a criminal prosecution represented an " 'equally serviceable remedy' " by which he could have pursued the issues raised; (2) "res judicata" barred litigation of a point which the parties could have brought forward in the criminal proceeding; and (3) Hall had either waived the issues or had the issues resolved against him in his criminal action which was affirmed on appeal or in his postconviction proceeding. Finally, the district court concluded that the legal question Hall attempted to raise in all three actions had been resolved in a manner contrary to Hall's theory of relief by *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

In the orders entered March 20, 2001, the district court entered judgment in favor of the State and dismissed all three declaratory judgment actions. In cases Nos. S-01-414, S-01-620, and S-01-621, Hall appeals the orders granting the State's motions for summary judgment.

*Current Postconviction Action: Case No. S-01-871.*

On July 5, 2001, Hall filed a motion for postconviction relief in the district court for Hall County related to his conviction for second degree murder in 1997. In his postconviction motion, Hall claimed: (1) the amended information cited the wrong statute number, (2) the district court failed to allow a credit for time served, (3) the homicide statutes were unconstitutional in various respects, and (4) his trial counsel had been ineffective in various respects. Hall sought as relief, inter alia, declarations that §§ 28-303(1), 28-304, and 28-305(1) were unconstitutional.

On July 10, 2001, the district court for Hall County denied Hall's motion for postconviction relief without hearing. The district court concluded that the motion stated no legitimate grounds for relief and raised no new issues that could not have been raised on direct appeal or in the postconviction motion filed July 24, 1998. In case No. S-01-871, Hall appeals the denial of his motion for postconviction relief.

## ASSIGNMENTS OF ERROR

Hall's assignments of error in these pro se appeals are not clearly and succinctly stated. However, in cases Nos. S-01-414, S-01-620, and S-01-621, Hall appears to generally assert that the district court for Lancaster County erred by failing to grant the declaratory relief requested. In case No. S-01-871, Hall generally asserts that the district court for Hall County erred in denying his motion for postconviction relief.

## STANDARDS OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Smeal v. Olson*, 263 Neb. 900, 644 N.W.2d 550 (2002). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Becerra*, 263 Neb. 753, 642 N.W.2d 143 (2002).

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002).

## ANALYSIS

*Cases Nos. S-01-414, S-01-620, and S-01-621: Declaratory Judgment Actions Regarding Constitutionality of §§ 25-303(1), 28-304, and 28-305(1).*

In cases Nos. S-01-414, S-01-620, and S-01-621, Hall appeals orders of the district court for Lancaster County dated March 20, 2001, which denied him declaratory relief. In these declaratory judgment actions, Hall made facial challenges to the constitutionality of Nebraska's homicide statutes. In case No. S-01-414, Hall filed a petition seeking a declaratory judgment

that § 28-305(1) was unconstitutionally vague and overbroad. Section 28-305(1) provides that "[a] person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another unintentionally while in the commission of an unlawful act." In case No. S-01-620, Hall filed a petition seeking a declaratory judgment that § 28-304 was unconstitutionally vague and overbroad. Section 28-304(1) provides that "[a] person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation." In case No. S-01-621, Hall filed a petition seeking a declaratory judgment that § 28-303(1) was unconstitutionally vague and overbroad. Section 28-303 provides that "[a] person commits murder in the first degree if he kills another person (1) purposely and with deliberate and premeditated malice . . . ."

The district court granted the State's motions for summary judgment and dismissed the declaratory judgment actions on the bases that (1) there existed no case or controversy between Hall and the State with respect to § 28-305(1), (2) an equally serviceable remedy had been provided in the form of the procedural safeguards which inure to a criminal prosecution, (3) the issue Hall asserted in this declaratory judgment action was barred by "res judicata," (4) the claim made by Hall had been waived or resolved against him in the direct appeal of his criminal action and in his postconviction proceedings, and (5) the legal question raised by Hall had already been resolved contrary to his theory of relief in *State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

Although we have held that a declaratory judgment action attacking the constitutionality of a statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is therefore not prohibited by principles governing sovereign immunity, we have nevertheless consistently held that an action for declaratory judgment does not lie where another equally serviceable remedy is available. *Northwall v. State*, 263 Neb. 1, 637 N.W.2d 890 (2002). One who has failed to pursue a full, adequate, and exclusive statutory remedy is not afforded an additional remedy under the Uniform Declaratory Judgments Act. *Id.*

Hall pled guilty and was convicted of second degree murder after being charged with first degree murder. That conviction has been affirmed on appeal, and a subsequent motion for postconviction relief addressing this conviction has been denied. Hall now makes facial challenges to the constitutionality of the homicide statutes in these declaratory judgment actions. This issue could have been raised by conventional forms of remedy within the criminal prosecution. In a criminal prosecution, a defendant can bring a constitutional challenge to the facial validity of the statute under which he or she is charged by filing a motion to quash or a demurrer. See *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999). In the event the defendant's counsel fails to make such a challenge, the defendant can allege ineffective assistance of counsel either on direct appeal or in an action for postconviction relief.

Hall had the opportunity to challenge the constitutionality of §§ 28-303(1), 28-304, and 28-305(1) in the criminal proceedings, but instead entered a guilty plea. A criminal defendant cannot collaterally attack the constitutionality of statutes relevant to his or her criminal prosecution by declaratory judgment. Equally serviceable remedies existed for Hall within the context of his criminal prosecution, and Hall either failed to pursue those remedies or those procedures resulted in decisions contrary to the positions he wishes to assert in these declaratory judgment actions. Because other equally serviceable remedies had been available to Hall, his actions filed under the Uniform Declaratory Judgment Act were not proper. For this reason, the State was entitled to judgment as a matter of law in these declaratory judgment actions. In view of our ruling, we need not consider the other bases stated by the district court. We affirm the orders of the district court for Lancaster County granting the State's motions for summary judgment.

*Case No. S-01-871: Postconviction Action.*

In case No. S-01-871, Hall appeals the order of the district court for Hall County denying his motion for postconviction relief without hearing on the bases that (1) no new issues were raised in the motion that could not have been raised on direct appeal or in his prior postconviction motion and (2) the motion

stated no legitimate grounds for relief. In this postconviction action, Hall sought relief from his 1997 conviction for second degree murder. Hall generally asserts that the district court erred in denying the motion.

The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002). A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002). Postconviction proceedings are not a tool whereby a defendant can continue to bring successive motions for relief. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999).

After a first motion for postconviction relief has been judicially determined, any subsequent motion for postconviction relief from the same conviction and sentence may be dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for postconviction relief. *Parmar, supra.* An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *Id.*

In the motion for postconviction relief filed by Hall on July 5, 2001, Hall raised the following issues: (1) The amended information filed in November 1997 cited the wrong statute number, (2) the district court failed to allow a credit for time served, (3) certain homicide statutes were not constitutional, and (4) trial counsel was ineffective in various respects. All the issues raised by Hall in the July 5, 2001, postconviction motion were issues that were or could have been raised either in his direct appeal or in the prior motion for postconviction relief filed July 24, 1998. The July 5, 2001, motion did not affirmatively show on its face that the basis relied upon for relief was not available at the time Hall filed for postconviction relief on July 24, 1998. We therefore affirm the order of the district court for Hall County denying Hall's motion for postconviction relief.

## CONCLUSION

In cases Nos. S-01-414, S-01-620, and S-01-621, we conclude that Hall could not bring declaratory judgment actions to challenge the constitutionality of the homicide statutes when equally serviceable remedies existed for Hall to bring such challenges in his criminal prosecution, and we therefore affirm the orders of the district court for Lancaster County granting the State's motions for summary judgment. In case No. S-01-871, we conclude that the postconviction relief requested in Hall's motion filed July 5, 2001, was procedurally barred, and we therefore affirm the order of the district court for Hall County which denied Hall's motion for postconviction relief.

AFFIRMED.