IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BAKER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRITTENEY N. BAKER, APPELLANT.

Filed March 15, 2016.    No. A-15-599.

Appeal from the District Court for Hall County: JAMES D. LIVINGSTON, Judge. Affirmed.

Alfred E. Corey III, of Shamberg, Wolf, McDermott & Depue, for appellant.

Douglas J. Peterson, Attorney General, and George R. Love for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Britteney N. Baker appeals from the order of the Hall County District Court which denied Baker's motion for postconviction relief upon concluding that Baker's trial counsel was not ineffective. Because we find that the postconviction motion, Baker's fourth such motion, was procedurally barred, we affirm the judgment of the district court.

## BACKGROUND

Baker pled no contest to one count of motor vehicle homicide and, in February 2013, she was sentenced to 18 to 20 years' incarceration. About two and a half weeks after sentencing, Baker wrote a letter to the district court judge stating that she wished to appeal her sentence. The letter was not accompanied by a filing fee or application to proceed in forma pauperis. The court forwarded Baker's letter to her trial counsel, but no timely appeal was ever filed.

In August and October 2013, Baker, acting pro se, attempted to file postconviction motions, but because she neither paid the filing fee nor requested in forma pauperis status, the district court took no action on the motions.

In November 2013, Baker filed a third motion for postconviction relief and attached an affidavit and application to proceed in forma pauperis. The district court granted Baker in forma pauperis status. In addressing the substance of the motion, the court determined that the allegations contained therein were conclusory, claiming only that Baker's rights and liberties had been violated but failing to allege specific facts which, if proved, would constitute a violation of her constitutional rights. Therefore, the court denied the motion for postconviction relief without an evidentiary hearing. Baker did not appeal this decision.

In February 2014, Baker filed a fourth pro se postconviction motion. In this motion, she alleged that her trial counsel was ineffective in failing to timely appeal; advising her to plead to the charge despite knowing the facts did not support such a charge; and failing to object to her sentence, which Baker alleged was excessive. The district court again allowed Baker to proceed in forma pauperis, and for this motion, the court appointed counsel to represent her. After holding an evidentiary hearing, the district court entered an order in June 2015 denying postconviction relief. The court determined that two of Baker's allegations were conclusory in nature, lacked probative evidence to support them, and were overly broad. The court found that Baker failed to meet her burden of proof to establish that her trial counsel provided ineffective assistance of counsel and, to the extent Baker was challenging her sentence as excessive, the court rejected this claim as an improper basis for postconviction relief. Baker timely appeals from this order.

## ASSIGNMENTS OF ERROR

Baker assigns that the district court erred in determining that trial counsel was not ineffective.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012).

## ANALYSIS

Before addressing Baker's claim that the district court erred in determining that her trial counsel was not ineffective, we address the State's assertion that the present motion for postconviction relief is procedurally barred. Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012). When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion. *Id*.

The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *Hall v. State*, 264 Neb. 151, 646 N.W.2d 572 (2002). Postconviction proceedings are not a tool whereby a defendant can continue to bring successive motions for relief. *Id*.

After a first motion for postconviction relief has been judicially determined, any subsequent motion for postconviction relief from the same conviction and sentence may be dismissed by the district court, unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing a prior motion for postconviction relief. *Id.* An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *Id.*

The motion from which the present appeal was taken was Baker's fourth motion for postconviction relief. The first two were dismissed for procedural defects, and therefore the issue raised therein were not "judicially determined." Accordingly, these motions would not procedurally bar a subsequent postconviction motion. See *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991)(considering second postconviction motion as defendant's first postconviction motion because the issues raised in the first motion were not actually litigated) and *State v. Svoboda*, 199 Neb. 453, 259 N.W.2d 609 (1977)(holding that issues raised in direct appeal but not litigated could be asserted in subsequent postconviction motion). However, the district court denied relief pursuant to the third motion based on the insufficiency of the allegations contained in the motion. A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact--it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief. *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012). Here, in addressing Baker's third motion for postconviction relief, the district court specifically found that the allegations were conclusory and alleged only that Baker's rights and liberties were violated, but there were no allegations of facts which, if proved, would constitute a denial of Baker's constitutional rights. Thus, the district court made a judicial determination with respect to the third postconviction motion in November 2013. The ruling became final when Baker did not appeal.

The present motion seeking postconviction relief does not affirmatively show on its face that the basis relied upon for relief was not available at the time of filing the prior motion for postconviction relief. In the fourth motion, Baker alleges that trial counsel was ineffective in several respects. These issues could have been raised in the third postconviction motion, and Baker makes no claim that these bases were not available at the time she filed her third motion.

We therefore conclude that the issues raised in the present motion are procedurally barred, and the district court did not err in denying postconviction relief. Although our rationale differs from the district court's, we agree with the court's ultimate decision denying Baker's motion for postconviction relief. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Parmar*, 263 Neb. 213, 639 N.W.2d 105 (2002). Accordingly, we affirm.

## CONCLUSION

The claims raised in the present motion for postconviction relief are procedurally barred. The judgment of the district court is therefore affirmed.

AFFIRMED.